[No. 33011.   Department One.   November 5, 1954.]

THE CITY OF TACOMA, *Plaintiff*, v. CECIL C. CAVANAUGH *et al.*,
*Relators*, THE SUPERIOR COURT FOR PIERCE COUNTY,
*Bertil E. Johnson, Judge, Respondent.*[1]

[1] Reported in 275 P. (2d) 933.

*Burkey, Burkey & Marsico,* for relators.

*Clarence M. Boyle, Marshall McCormick, W. L. Brown, Jr., Paul J. Nolan, Allan R. Billett,* and *F. L. Bannon,* for plaintiff.

OLSON, J.—This is a condemnation proceeding brought by the city of Tacoma to acquire certain lands for street purposes. An order of public use and necessity was granted by the trial court, and the owners of the land in question obtained a writ of certiorari to review this judgment.

The city's petition for condemnation alleges that the lands in question are necessary for the construction of streets and approaches to be used as a vehicular traffic interchange at the junction of certain city streets and primary state highways within the city limits, and that the city council passed an ordinance authorizing and directing the purchase or condemnation of defendants' property for these purposes, and providing that compensation for the rights or property to be taken or damaged should be payable from the "City Street Fund."

Defendants have questioned the jurisdiction of the court to proceed in the cause, contending that the city has no power to condemn their property for the purposes alleged. Their argument is that the legislature has vested the sole power of condemnation of lands for city streets which will be used as state highways in the state director of highways.

Upon the hearing for the order of public use, the evidence was that the improvement in question was, in fact, for a city street (or streets). Its construction was shown to be necessary to relieve traffic moving to and from the suburban areas of the city. It is to be constructed at a point which will permit its use as a junction between two state highways, but the structure to be built has not been designated as a part of a state highway. The fact that it may be used for purposes of or may be designated as a part of a state highway in the future, does not permit us to disregard the determination of the legislative body of the city that it is necessary as part of its city streets, in the absence of fraud.

*Spokane v. Merriam,* 80 Wash. 222, 232, 141 Pac. 358 (1914), and cases cited. Also, see *State ex rel. Bremerton Bridge Co. v. Superior Court,* 194 Wash. 7, 19, 76 P. (2d) 990 (1938). It is not contended here that the action of the city was fraudulent in any regard.

RCW 8.12.030 [*cf.* Rem. Rev. Stat., § 9215] enumerates the purposes for which a city may condemn land. Streets are specifically mentioned in this act, and the petition by the city in this case is sufficient under this statute.

Laws of 1949, chapter 220, § 4, p. 735, specifies the purposes for which the fund designated as "City Street Fund" may be expended. It reads as follows:

"All funds accruing to the credit of incorporated cities and towns in the Motor Vehicle Fund shall be paid monthly to such incorporated cities and towns and shall, by the respective cities and towns, be placed in a fund to be designated as 'City Street Fund' and disbursed as authorized and directed by the legislative authority of the city or town, as agents of the state, for salaries and wages, material, supplies, equipment, purchase or condemnation of right of way, engineering or any other proper highway or street purpose in connection with the construction, alteration, repair, improvement or maintenance of any city street or bridge, or viaduct or underpass along, upon or across such streets. Such expenditure may be made either independently or in conjunction with any Federal, state or any county funds."

This act authorizes the use of these funds for the purposes alleged in this case, and appropriate action by the legislative authority of the city is pleaded. The terms of this statute have been met.

■ Laws of 1949, chapter 220, § 5, pp. 736, 739, authorizes the state director of highways to acquire rights of way by condemnation for streets used as state highways. The grant of this power is not made exclusive. Its consideration is only important if we assume, as defendants contend, that this improvement will become a part of the state highways in the future. Even indulging that assumption, we find no expression of the legislature which indicates that the power of condemnation granted to both the city and the state director of highways is not coexistent. Whether or not the legisla-

ture could have made an exclusive grant to either of these agencies of government is not before us. (The cited 1949 act is codified in RCW, chapter 47.24, but the wording and section division are different from the session laws, and the citation of the code is for reference only.)

■ The defendants seemingly recognize that any repeal of the broad power of condemnation granted to cities for street purposes by the cited section (RCW 8.12.030 [cf. Rem. Rev. Stat., § 9215]) must be by implication. Under the familiar rules of statutory construction, expressed in *State v. Becker,* 39 Wn. (2d) 94, 97, 234 P. (2d) 897 (1951), quoting from *Abel v. Diking & Drainage Improvement Dist. No. 4,* 19 Wn. (2d) 356, 363, 142 P. (2d) 1017 (1943), and citing cases:

" 'Repeals by implication are ordinarily not favored in law, and a later act will not operate to repeal an earlier act except in such instances where the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede the prior legislation on the subject, or unless the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot, by a fair and reasonable construction, be reconciled and both given effect.' "

■ It is our duty to construe two statutes dealing with the same subject so that the integrity of both will be maintained. *Buell v. McGee,* 9 Wn. (2d) 84, 90, 113 P. (2d) 522 (1941). The same rule applies to the construction of parts of one act. Each part must be construed in connection with every other part or section. 2 Sutherland, Statutory Construction (3d ed.), 336, § 4703. Applying these rules to the statutes in question, supports our conclusion that the city has authority to proceed in this action.

The previous acts of the legislature pertinent to this subject matter are Laws of 1937, chapter 187, §§ 60, 61, pp. 769, 770; Laws of 1939, chapter 181, § 8, p. 554; Laws of 1943, chapter 82, §§ 9, 10, pp. 178, 181; Laws of 1945, chapter 250, § 1, pp. 751, 752; Laws of 1947, chapter 96, § 1, p. 602. Also, see Art. II, § 40, amendment 18, state constitution, relating to highway funds. To quote these acts in detail would ex-

tend this opinion unduly. We find nothing in them to sustain defendants' contention that the legislative history of the quoted statute or of § 5 of that act, indicates that the legislature either intended to deprive or has deprived the city of its power to proceed in this case. Nor does the cited constitutional amendment require a different result.

Consistent with our conclusion that the power of condemnation in the city and the state is coexistent and concurrent in the premises, and that the quoted statute (Laws of 1949, chapter 220, § 4, p. 735) authorizes the expenditure of the designated fund by the city "either independently or in conjunction with any Federal, state or any county funds," it is not essential, under the facts before us, that the city allege any agreement with the state regarding its plans or proceedings for this improvement of its city streets. No such requirement is found in the quoted statute, or in the cited statute (RCW 8.12.030, *supra*), under which the city contends it also is authorized to proceed.

The order of public use and necessity is affirmed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

---

December 29, 1954. Petition for rehearing denied.