[No. 36614. En Banc. August 29, 1963.]

JOHN SITTNER et al., *Appellants*, v. THE CITY OF SEATTLE, *Respondent*.*

*Michael R. Donovan*, for appellants.

*A. C. Van Soelen* and *Arthur T. Lane*, for respondent.

HUNTER, J.—This is an appeal from the dismissal of an action seeking a declaratory judgment in which plaintiffs (appellants) prayed that Ordinance No. 90000, section 60,

*Reported in 384 P. (2d) 859.

of the defendant (respondent), city of Seattle, be declared void and, in addition, that the defendant be permanently enjoined from enforcing such section of the ordinance.

The plaintiffs consist of 25 individuals and corporations, 20 of which are engaged in the auto wrecking business and five of which are engaged in the iron and metal business. As an incident of their business operations, which are all located within the city of Seattle, they burn salvaged metals in order to prepare them for reuse by foundries. Such scrap metal is desired by the foundries only if it is thoroughly cleaned. As the metal is cleaned by the burning process, smoke is emitted into the air.

Ordinance No. 90000 is entitled:

"An Ordinance relating to air pollution, creating an air Pollution Control Advisory Board, regulating emissions of air contaminants, defining offenses and prescribing penalties."

Section 60 of Ordinance No. 90000 controls the emission of "smoke" by making it "unlawful to cause, suffer or allow emissions of smoke from any source other than heat processing equipment, the opacity of which is equal to or more than forty per cent," with certain exceptions relating to emissions for temporary periods of time. To measure the allowable opacity, the ordinance utilizes what is known as the Ringelmann Smoke Chart.

Smoke is defined as:

"An air contaminant consisting of a visible air-borne concentration of combustion produced solid particles and other matter."

Section 80 of Ordinance No. 90000 controls the emission of "dust" from heat processing equipment or from the milling, grinding, crushing or handling of any material. Section 80 sets forth a table which provides for the maximum dust emissions allowable per hour in relation to the process weight per hour. It defines dust as:

"An air contaminant consisting of solid particles, capable of being air-borne."

The plaintiffs contend section 60 of Ordinance No. 90000 is unconstitutional because the "opacity" standard used and

the mandatory application of the Ringelmann Smoke Chart thereto does not have a reasonable relationship to the prevention of air pollution. It is their position that, first, the "opacity" standard does not measure the contents of the smoke, *e.g.*, the toxic content thereof, and, second, the Ringelmann Smoke Chart does not measure opacity but colorations of smoke.

■ An ordinance to be void for unreasonableness must be plainly and clearly unreasonable. *Seattle v. Hurst*, 50 Wash. 424, 97 Pac. 454 (1908). Although the "opacity" standard may not detect all of the air contaminants which pollute the air, we cannot say that it is not a reasonable means by which to detect some of the contaminating particles which smoke contains. It is no defense that the "opacity" standard does not regulate all air contamination but permits some emissions to go unpunished since a law designed to prevent one evil is not void because it does not prevent another. *Ballentine v. Nester*, 350 Mo. 58, 164 S. W. (2d) 378 (1942). Similarly, while it is true that the Ringelmann Smoke Chart measures coloration and not opacity, it does not necessarily follow that the chart may not be reasonably used as a basis for determining opacity. The Ringelmann Smoke Chart has been widely accepted throughout the United States as a measurement of air pollution by both legislatures and courts, and we find ourselves in agreement with the wisdom of this acceptance.

The trial court did not err in finding that the Ringelmann Smoke Chart is a reasonable standard of measurement and that, in respect to the "opacity" standard, section 60 of Ordinance No. 90000 is not unreasonable.

The plaintiffs contend section 60 of Ordinance No. 90000 is unconstitutional for the reason that the exemption of "heat processing equipment" from the restrictions of section 60, under which the plaintiffs are regulated, is arbitrary and capricious.

■ This contention requires the determination of whether the city of Seattle has made a reasonable classification by exempting heat processing equipment from section 60. With respect to testing the constitutionality of legisla-

tive classifications, we stated in *Clark v. Dwyer*, 56 Wn. (2d) 425, 353 P. (2d) 941 (1960):

"Article 1, § 12 of the state constitution and the fourteenth amendment to the Federal constitution, prohibiting special privileges and immunities and guaranteeing equal protection of the laws, require that class legislation must apply alike to all persons within a class, and reasonable ground must exist for making a distinction between those within, and those without, a designated class. Within the limits of these restrictive rules, the legislature has a wide measure of discretion, and its determination, when expressed in statutory enactment, cannot be successfully attacked unless it is manifestly arbitrary, unreasonable, inequitable, and unjust. . . ."

The plaintiffs contend that, under section 60 of Ordinance No. 90000, they are forbidden to emit air contaminants in the form of smoke which exceeds 40 per cent opacity whereas heat processing equipment is permitted to contaminate the air with smoke in any amount it wishes. The defendant's reply to this contention is that the exemption of heat processing equipment from section 60 is not unreasonable inasmuch as it is, instead, directly controlled by section 80 which regulates the emission of dust from such equipment.

The plaintiffs' contention is premised on the assumption that dust and smoke are different air contaminants, and that the following finding of fact of the trial court is the law of the case since no exception was taken thereto:

"That a logical and reasonable distinction in fact does exist between dust and smoke as defined in the ordinance."

We determine the foregoing purported finding of fact to involve no factual issue; that it is a construction of the ordinance and thus constitutes a conclusion of law which is not binding on this court. *Bedgisoff v. Morgan*, 23 Wn. (2d) 737, 162 P. (2d) 238, 163 A.L.R. 513 (1945). See *Kane v. Klos*, 50 Wn. (2d) 778, 788, 314 P. (2d) 672 (1957), and cases cited therein. An examination of the ordinance on its face appears to support the plaintiffs' contention that smoke and dust are different air contaminants since smoke and dust are defined and controlled separately. However,

the ordinance must be considered in its entirety. It cannot be limited to labels on definitions, but must be considered from the standpoint of the contents of such definitions in relation to the purpose of the ordinance.

■ We believe the primary purpose of Ordinance No. 90000 is the regulation of air contaminants in the form of solid particles, inasmuch as the measurements which are used to test air contaminants, *viz.*, the process weight table and the Ringelmann Smoke Chart, are primarily designed to measure the amount of solid particle contaminants emitted into the air. The ordinance defines "dust" as "An air contaminant consisting of *solid particles*, capable of being air-borne." (Italics ours.) "Smoke" is defined as "An air contaminant consisting of a visible air-borne concentration of *combustion produced solid particles* and other matter." (Italics ours.) We therefore conclude that, within the purview of the ordinance, "smoke" consists substantially of air-borne solid particles which fall within the definition of "dust" and that the regulation of "dust" inherently constitutes the regulation of "smoke."

The municipality of Seattle, in the exercise of its police power for the protection of the public health and welfare, may reasonably regulate the emission of air contaminants in the form of solid particles according to any reasonable classification. The question then remains whether the regulation of solid particles emitted from heat processing equipment on the basis of the process weight table and the regulation of solid particles emitted from burning conducted by the plaintiffs on the basis of the Ringelmann Smoke Chart constitute reasonable regulations based upon reasonable classifications.

It is conceivable that emissions from heat processing equipment raise problems of detecting solid particles that are not combustion produced. The Ringelmann Smoke Chart is designed primarily for the detection of combustion produced black soot particles. See Faith, Air Pollution Control, pp. 84-86 (1959). It therefore follows that the emission of solid particles from heat processing sources, conceivably, can be more effectively regulated by measuring

the content of the emission by the process weight table rather than by the Ringelmann Chart.

We conclude that the use of process weight tables for the control of solid particles emitted from heat processing equipment and the use of the Ringelmann Chart for the control of solid particles emitted from other sources of burning are reasonable regulations based upon reasonable classifications. The plaintiffs have therefore failed to establish that the control exercised by the ordinance over their burning activities is discriminatory and in contravention of Art. 1, § 12 of the state constitution and the fourteenth amendment to the federal constitution.

 The plaintiffs contend that compliance with the ordinance makes it economically infeasible for a continuation of their business and that the ordinance is therefore oppressive and a taking of their property without due compensation. Economic hardships often inevitably result from laws and ordinances enacted or adopted for the protection of the public health and welfare; this, however, cannot affect their constitutional validity unless they are shown to be clearly unreasonable and discriminatory. *Northwestern Laundry v. Des Moines*, 239 U. S. 486, 60 L. Ed. 396, 36 S. Ct. 206 (1915); *Chicago & Alton R. Co. v. Tranbarger*, 238 U. S. 67, 59 L. Ed. 1204, 35 S. Ct. 678 (1914); *Reinman v. Little Rock*, 237 U. S. 171, 59 L. Ed. 900, 35 S. Ct. 511 (1914). The plaintiffs have not shown that Ordinance No. 90000 is unreasonable or discriminatory, and their contention, therefore, cannot be sustained.

The other contentions raised by the plaintiffs challenging the constitutionality of the ordinance are unsupported by authority, and we find them to be without merit.

The judgment of the trial court is affirmed.

OTT, C. J., FINLEY, ROSELLINI, HAMILTON, and HALE, JJ., concur.

HILL, DONWORTH, and WEAVER, JJ., concur in the result.

---

November 7, 1963. Petition for rehearing denied.