[No. 1677-2.    Division Two.    June 25, 1976.]

THE CITY OF TACOMA, *Respondent*, v. ALBERT THOMAS DUANE, *Appellant*.

*Victor V. Hoff,* for appellant.

*Robert R. Hamilton, F. H. Chapin, Jr.,* and *Robert Atkinson,* for respondent.

REED, J.—Albert Thomas Duane, owner and operator of an adult book store in Tacoma, appeals his conviction of showing an obscene motion picture in violation of chapter 8.32 of the Administrative Code of the City of Tacoma. The motion picture in question was shown on a coin-operated "Panoram" machine and was seized by Tacoma police officers with a search warrant issued by a Tacoma municipal court judge pursuant to JCrR 2.10.

The defendant challenges the constitutionality of the obscenity ordinance, alleging it violates his rights under the

fifth amendment to the federal constitution as construed by the Supreme Court in *Miller v. California*, 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607 (1973). He further contends the ordinance violates article 11, section 11 of the Washington State Constitution because it conflicts with the provisions of RCW 9.68.010, *et seq.*, the state statute regulating obscenity. He finally challenges the issuance of the search warrant in this case, contending that JCrR 2.10 was promulgated by our Supreme Court in excess of that body's rule-making power. We resolve each issue in the City's favor and, accordingly, affirm defendant's conviction.

The challenged Tacoma ordinance provides:

8.32.010 Obscene films, publications, performances, and matter. It shall be unlawful for every person—

(1) Having knowledge of the contents thereof to exhibit, sell, distribute, display for sale or distribution, or having knowledge of the contents thereof to have in his possession with the intent to sell or distribute any book, magazine, pamphlet, comic book, newspaper, writing, photograph, motion picture film, phonograph record, tape or wire recording, picture, drawing, figure, image, or any object or thing which is obscene; or

(2) Having knowledge of the contents thereof to cause to be performed or exhibited, or to engage in the performance or exhibition of any show, act, play, dance, or motion picture which is obscene.

8.32.020 "Obscene"—Definitions. For the purposes of this chapter, the term "obscene" shall be defined as material or acts which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value.

Obscene material or acts shall be deemed to include:

(1) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including those between humans and animals;

(2) Patently offensive representations or descriptions of masturbation, fellatio, cunnilingus, excretory functions, and lewd exhibition of the genitals.

8.32.030 Violation—Penalty. Each day's exhibition, display, distribution, or possession of any material in violation of this chapter shall be deemed a separate and

distinct offense, and except as otherwise specified, any person convicted of a violation of this chapter shall be fined a sum not less than $100.00 nor more than $500.00, or imprisoned in the City Jail for a period not exceeding ninety days, or be both so fined and imprisoned for each day's violation.

Defendant first challenges section 8.32.020 of the ordinance, claiming it inadequately defines the conduct prohibited as obscene. Defendant cites the following language from the *Miller* opinion in support of this contention, stating at page 24:

[W]e now confine the permissible scope of such regulation to works which depict or describe sexual conduct. *That conduct must be specifically defined by the applicable state law, as written or authoritatively construed.*

(Italics ours.) The gist of defendant's argument is that the prefatory language to section 8.32.020, which reads, "Obscene material or acts shall be deemed to include" fails to *limit* the conduct or acts which may be deemed obscene to those thereafter listed in 8.32.020(1) and (2). We are unwilling to adopt defendant's proffered construction of 8.32.020. We are obligated to construe a municipal ordinance, if possible, in such a manner as to uphold its constitutionality. *Bellevue v. Miller*, 85 Wn.2d 539, 547, 536 P.2d 603 (1975). To adopt defendant's proposed construction of the ordinance would require us to engraft on the ordinance the additional language: "shall be deemed to include . . . *but not limited to.*" To the contrary, we construe the ordinance to limit the acts or conduct which may be deemed obscene to those specifically listed therein.

Defendant next contends the ordinance is deficient because it allows the trier of fact to find those acts listed in 8.32.020 to be obscene even if the work in which they are depicted has serious literary, artistic, political or scientific value, and even though the work, when taken as a whole, does not appeal to the prurient interest. This suggestion is totally without merit. To reach the result claimed, one must read the introductory paragraph to section 8.32.020 in a vacuum, as if it were entirely independent from the con-

duct specifically defined thereafter in (1) and (2). To so construe the statute would violate the well-settled rules of statutory construction requiring an ordinance to be construed in its entirety, *Sittner v. Seattle*, 62 Wn.2d 834, 384 P.2d 859 (1963), and that each part of an ordinance be given effect with every other part or section. *Tacoma v. Cavanaugh*, 45 Wn.2d 500, 275 P.2d 933 (1954). We are unwilling to presume the City of Tacoma intended each paragraph of section 8.32.020 to have totally independent effect. Rather, we construe that section to define those materials listed under (1) and (2) as obscene only if they meet the more general prerequisites of the preceding paragraph.

Defendant next asserts that the ordinance is unconstitutionally overbroad on its face because it fails to include the following language from *Miller*, at page 24: "whether *'the average person, applying contemporary community standards'* would find that the work, taken as a whole, appeals to the prurient interest, . . ." (Italics ours.) Although we agree with defendant's contention that it would have been advisable to include the standard to be applied by the trier of fact on the face of the ordinance, we are not persuaded that its absence renders the ordinance constitutionally infirm.

It has been clear since the decision in *Roth v. United States*, 354 U.S. 476, 1 L. Ed. 2d 1498, 77 S. Ct. 1304 (1957) that the trier of fact in any obscenity prosecution must judge the material before it from the perspective of the "average person, applying contemporary community standards" rather than from the viewpoint of particularly sensitive or susceptible individuals. *See Roth v. United States, supra* at 489. The states and their subdivisions are now free to define the geographic parameters of the "community" referred to in the *Roth* test with as much or as little specificity as desired, so long as the jury is not instructed in terms of "hypothetical and unascertainable 'national standards' ". *See Miller v. California, supra* at 31; *Jenkins v. Georgia*, 418 U.S. 153, 157, 41 L. Ed. 2d 642, 94 S. Ct. 2750

(1974). The question now before us, however, is whether it is constitutionally permissible for a local legislative body to omit from the face of laws regulating obscenity any mention of the standard to be applied by the trier of fact in prosecutions under those laws.

We have been unable to discover any authority directly controlling this issue. We feel, however, that a close reading of the Supreme Court's decision in *Miller* supports the conclusion that the failure to include the "average person, applying contemporary community standards" test on the face of the ordinance is not constitutionally fatal. The *Miller* opinion classifies the missing test as "basic guidelines for the trier of fact". *Miller v. California, supra* at 24. The court did not refer to the "average person" standard at all when it earlier stated:

> we now confine the permissible scope of such regulation to works which depict or describe sexual conduct. That conduct must be specifically defined by the applicable state law, as written or authoritatively construed. A state offense must also be limited to works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value.

(Footnote omitted.) *Miller v. California, supra* at 24. We interpret *Miller* to require only the above elements to appear on the face of the statute. Though every trier of fact in every obscenity prosecution in the United States is constitutionally required to judge the material before it from the viewpoint of the "average person, applying contemporary community standards", we do not read *Miller* or its progeny to affirmatively require that that test be engrafted on the face of each regulatory enactment. We note that the challenged ordinance does not attempt to impose upon the trier of fact a different standard from that required to be applied by *Miller*, as well it could not. The City of Tacoma is bound by the *Miller* decision as interpreted by our Supreme Court in *State v. J-R Distribs., Inc.*, 82 Wn.2d 584, 512 P.2d 1049 (1973), as follows, at page 610:

Thus, we hold that as used in *Roth* and *Miller* the "contemporary community standard" to be applied by the average person is the contemporary community standard of the *state* in which the question of obscenity is to be tested by the trier of fact.

The above holding directly controls the prosecution of every obscenity case in the State of Washington and dictates the appropriate instruction to be given the trier of fact. As such, it is implied in every regulatory enactment in the field of obscenity in this state.

Defendant's final two assignments of error are without merit. He contends the Supreme Court exceeded its power to enact procedural court rules by promulgating JCrR 2.10, authorizing the issuance of search warrants to search for evidence of misdemeanors as well as felonies. This contention was directly answered in favor of the validity of the rule in *State v. Fields*, 85 Wn.2d 126, 530 P.2d 284 (1975). We see no reason to question the continued validity of that opinion.

 Finally, defendant asserts that the Tacoma ordinance conflicts with the state statute regulating obscenity, RCW 9.68.010, in that the local ordinance fails to exempt motion picture projectionists from its operation in certain situations as is done by the state statute. Defendant, admittedly the owner and operator of the book store and not a mere projectionist, does not have standing to challenge the ordinance on this ground: "the constitutionality of a legislative act is open to attack only by a person whose rights are affected thereby." *State v. Jones*, 84 Wn.2d 823, 831, 529 P.2d 1040 (1974).

Judgment affirmed.

PETRIE, C.J., and PEARSON, J., concur.

Petition for rehearing denied August 2, 1976.

Review denied by Supreme Court December 14, 1976.