[No. 60570-0. En Banc. August 10, 1995.]

LARRY GILBERT, ET AL., *as Guardians, Appellants*, v.
SACRED HEART MEDICAL CENTER, ET AL., *Respondents*.

*Richter, Wimberley, Ericson, Woods & Brown* by *Daniel E. Huntington*; and *Robert Drummond*, for appellants.

*Chase, Hayes & Kalamon* by *Richard E. Hayes* and *Christine M. Weaver; Witherspoon, Kelley, Davenport & Toole* by *William M. Symmes* and *Brian T. Rekofke; Keefe, King & Bowman* by *Dan W. Keefe* and *Christopher J. Kerley*; and *Etter & McMahon* by *William F. Etter* and *Stephen M. Lamberson*, for respondents.

*Jeffrey I. Tilden* and *Elizabeth A. Alaniz* on behalf of Liability Reform Coalition, amicus curiae.

*Bryan P. Harnetiaux* and *Gary N. Bloom* on behalf of Washington Trial Lawyers Association, amicus curiae.

*Barbara A. Shickich* on behalf of Washington State Hospital Association, amicus curiae.

MADSEN, J. — Plaintiffs Larry and Cynthia Gilbert, as guardians of their daughter, Laura, appeal the dismissal of their medical malpractice action against the defendant medical care providers. The trial court dismissed the action on the grounds that it is barred by the statute of limitations in RCW 4.16.350. At issue here is the propriety of that ruling.

Laura Gilbert was born at Sacred Heart Medical Center on June 19, 1977, by way of emergency caesarean section. At the time of her birth, Laura was postmature. During labor, Laura's heart rate dropped twice, prompting the caesarean delivery.

A few days after Laura's birth, her father met with doctors to discuss the circumstances of her birth. At this time, Laura was experiencing seizures and other medical problems. The only explanation the doctors could provide was that the umbilical cord might have been wrapped around Laura's neck, depriving her of oxygen.

Laura was diagnosed with cerebral palsy. In November 1978, her parents took her to the Child Development and Mental Retardation Center at the University of Washington. The Center concluded that asphyxiation before or at birth caused Laura's cerebral palsy. It thus became obvious to the Gilberts that their daughter was brain damaged, and that the damage related to events surrounding her birth. They had some concern that improper care had caused Laura's condition, and that her brain damage might have been avoided had a caesarean section been performed earlier.

These concerns led Laura's father to seek legal counsel

in 1979, regarding a possible malpractice action against the physicians and health care providers involved in Laura's birth. Two attorneys and Laura's godfather, who is a physician, evaluated the case and found no basis for a medical malpractice action.

The Gilberts subsequently moved to New Mexico and continued to seek medical evaluation and treatment of their daughter's condition. After encountering great expense for spinal surgery Laura needed in 1990, the Gilberts again sought legal counsel in May 1991, regarding a possible medical malpractice action. This time their attorney advised them that there may have been deviation from the community standard of care during Laura's birth and that they did have a potential malpractice claim.

The Gilberts filed this action on Laura's behalf on April 13, 1992. The trial court dismissed the action on summary judgment, finding it barred by the statute of limitations set forth in RCW 4.16.350. The Gilberts appealed directly to this court, arguing that their action was not time barred and, if it was, that such a limitations period unconstitutionally deprived their daughter of legal redress.

The principal issue is whether the 1986 and 1987 amendments to the medical malpractice statute of limitations set forth in RCW 4.16.350 nullify the tolling effects of RCW 4.16.190 as applied to a minor.

RCW 4.16.190, the tolling statute, provides as follows:

> If a person entitled to bring an action mentioned in this chapter . . . be at the time the cause of action accrued either under the age of eighteen years, or incompetent or disabled . . . the time of such disability shall not be a part of the time limited for the commencement of action.

Prior to the 1986 amendment, RCW 4.16.350 provided:

> Any civil action for damages for injury occurring as a result of health care which is provided after June 25, 1976 against:
>
> (1)  . . . [A] physician . . .
>
> . . . .

(3) . . . [A] hospital . . . based upon alleged professional negligence shall be commenced within three years of the act or omission alleged to have caused the injury or condition, or one year of the time the patient or his representative discovered or reasonably should have discovered that the injury or condition was caused by said act or omission, whichever period expires later, except that in no event shall an action be commenced more than eight years after said act or omission . . . *Provided, That the limitations in this section shall not apply to persons under a legal disability as defined in RCW 4.16.190.*

(Italics added to show language that has been deleted.) Thus, before amendment, the statute of limitations for medical malpractice claims clearly was tolled during minority.

The 1986 amendment to RCW 4.16.350 deleted the language highlighted above and added the following:

For purposes of this section, notwithstanding RCW 4.16.190, the knowledge of a custodial parent or guardian shall be imputed to a person under the age of eighteen years . . . .

The 1987 amendment further added:

and such imputed knowledge shall operate to bar the claim of such minor to the same extent that the claim of an adult would be barred under this section. Any action not commenced in accordance with this section shall be barred.

For purposes of this section, with respect to care provided after June 25, 1976, and before August 1, 1986, the knowledge of a custodial parent or guardian shall be imputed as of April 29, 1987, to persons under the age of eighteen years.

The Gilberts contend that the tolling effects of RCW 4.16.190 upon medical malpractice actions remain intact after the 1986 and 1987 amendments to RCW 4.16.350, while the Defendants maintain that the amendments repeal the tolling provisions of RCW 4.16.190 with regard to medical malpractice actions. The trial court agreed with the Defendants' interpretation of the amendments' effect upon the continued applicability of the tolling statute to RCW 4.16.350.

■ The Legislature did not expressly repeal the operation of the tolling statute, RCW 4.16.190, when it imputed parental knowledge to minors in its 1986 and 1987 amendments to RCW 4.16.350. Further, this court has stated many times that the implicit repeal of statutes is strongly disfavored. *Tollycraft Yachts Corp. v. McCoy*, 122 Wn.2d 426, 439, 858 P.2d 503 (1993); *State v. Greenwood*, 120 Wn.2d 585, 593, 845 P.2d 971 (1993). Where an amendment may be harmonized with the existing provisions and purposes of a statutory scheme, there is no implicit repeal. *Tollycraft Yachts*, at 439; *Bellevue Sch. Dist. 405 v. Brazier Constr. Co.*, 103 Wn.2d 111, 123, 691 P.2d 178 (1984). Stated another way, it is the duty of this court to construe two statutes dealing with the same subject matter so that the integrity of both will be maintained. *Tacoma v. Cavanaugh*, 45 Wn.2d 500, 503, 275 P.2d 933 (1954); *see also Bour v. Johnson*, 122 Wn.2d 829, 835, 864 P.2d 380 (1993).

■ We therefore must interpret the amendments to RCW 4.16.350 in such a way that the integrity of the tolling statute is preserved rather than destroyed. Such an interpretation supports the Gilberts' position. When read in harmony with the tolling statute, the limitations periods of RCW 4.16.350 are tolled until a minor reaches the age of majority, whereupon that minor is "charged" with whatever knowledge regarding a potential malpractice claim his or her parents or guardians possess. The additional language "shall operate to bar the claim . . . to the same extent . . . [as] an adult" then dictates that a minor to whom knowledge is imputed has only the time which an adult with knowledge would have to file a claim once the minor attains majority. RCW 4.16.350(3). With respect to a competent adult, RCW 4.16.350 requires a medical malpractice action to be commenced within three years of the act or omission alleged to have caused the injury, or within one year of the time that the plaintiff discovers that the injury was caused by said act or omission, whichever expires later. Where there is no knowledge, an adult has eight years to file a medical malpractice action. This

interpretation gives effect to the language of both RCW 4.16.190 and RCW 4.16.350.

Our interpretation is also consistent with *Merrigan v. Epstein*, 112 Wn.2d 709, 716, 773 P.2d 78 (1989), in which this court also considered the interplay between the two statutes. The minor plaintiff there sought review of a trial court decision interpreting the 1986 and 1987 amendments to RCW 4.16.350. The trial court ruled that because the action had not been commenced within eight years of the date of the alleged act or omission the minor's claim was barred. *Merrigan*, at 714. This court reversed, holding that the action was not barred because the tolling statute, RCW 4.16.190, suspends the "8-years-from-act-or-omission period for the duration of the child's minority or incapacity". *Merrigan*, at 716.

The Defendants acknowledge that *Merrigan* supports our interpretation of the amendments to RCW 4.16.350 as applied to the eight-year statute of limitations, but point to language in the opinion contrary to our holding regarding the relationship between the tolling statute and the one-year and three-year limitation periods set forth in RCW 4.16.350. We note initially that any discussion of the one-year and three-year periods in Merrigan is dicta, since the issue in *Merrigan* was the impact of the amendments to RCW 4.16.350 upon the eight-year limitation period. *Merrigan*, at 711. We acknowledge, however, that despite the conclusion that the eight-year period is tolled, *Merrigan* suggests that the one-year and three-year statutes of limitation are not tolled during minority following the amendment of RCW 4.16.350. This suggestion apparently stems from the conclusion that the one-year and three-year periods alone are affected by the imputation of knowledge provisions set forth in the amendments.

This conclusion is not supportable. All of the limitation periods are interconnected, as the following example illustrates: A plaintiff with knowledge of a claim in the first year following the act or omission will have only three years from the date of the occurrence to bring an action

since the three-year period will be the later of the two pertinent limitation periods of RCW 4.16.350. This plaintiff will not have eight years to bring this claim because he or she had knowledge within one year of the triggering clause. Thus, it is knowledge which deprives a plaintiff of the full eight-year limitation period. To the extent that Merrigan contains dicta to the contrary, it is disapproved.

In analyzing the effect of the 1986 and 1987 amendments to RCW 4.16.350 on the tolling statute, RCW 4.16.190, it is also important to recognize that the tolling provision operates without regard to knowledge. Thus, the statutory limitations periods of RCW 4.16.350 are tolled for a minor by virtue of age, not lack of knowledge of a claim.

Finally, the defendants cite *Merrigan* in suggesting that the dates provided in the final paragraph of the 1987 amendment to RCW 4.16.350 somehow show the Legislature's intent to abrogate the tolling provisions of RCW 4.16.190 with regard to medical malpractice claims. Here again, these dates are not pertinent to the resolution of the issues in *Merrigan* and the discussion therefore carries no weight in this case. In any event, these dates relate not to tolling but to the retroactivity of the imputation of knowledge provisions set forth in the 1987 amendment. This final paragraph provides that with respect to care provided between June 25, 1976, and August 1, 1986, knowledge shall be imputed as of April 29, 1987, the effective date of the 1987 amendment. The final paragraph makes no reference to the tolling statute and we will not read one into it. Nor will we read a repeal of the tolling provisions into any other section of RCW 4.16.350.

We therefore read RCW 4.16.350 in such a way that a minor's rights are preserved until the age of majority but, when knowledge is imputed, for a three-year period of time only. Such a reading gives effect to the language of both RCW 4.16.190 and RCW 4.16.350 and to the right of every citizen to seek redress for injuries sustained during minority.

Given our resolution of the relationship between RCW 4.16.190 and RCW 4.16.350, we need not address the other legal questions raised by the Gilberts, including the effect of Laura's mental incompetency on the tolling provisions set forth in RCW 4.16.190. Nor do we resolve the Gilberts' compelling argument that any other interpretation of the relationship between RCW 4.16.190 and RCW 4.16.350 would violate constitutional guaranties. We hereby reverse the trial court's order of summary judgment and order the Gilberts' cause of action reinstated.

DOLLIVER, SMITH, and JOHNSON, JJ., and BRACHTENBACH and UTTER, JJ. Pro Tem., concur.

DURHAM, C.J. (dissenting) — The majority would allow a Plaintiff to bring suit for a birth injury up to 21 years after the alleged injury, even though the Plaintiff's parent or guardian knew of the injury and of its link to an alleged act or omission shortly after the birth. Because that result is directly contrary to the language and legislative history of RCW 4.16.350, I must dissent.

I start with the elementary fact that this case turns solely on the preexisting claims provision of the 1987 amendment to the medical malpractice statute of limitation.[1] The 1987 amendment distinguished between preexisting claims and those that would arise only after the effective date of the amendment.

---

[1] To be precise, RCW 4.16.350 is a combination of three different kinds of limitation periods. First, the statute includes a three-year statute of limitation. Onto that three-year limit is grafted a one-year delayed discovery rule, which allows an action to be brought more than three years later if the injury or omission caused by a negligent act was not immediately apparent. However, a plaintiff must bring an action within one year of the time the injury is discovered or reasonably should have been discovered. Finally, regardless of when an injury is discovered, no action may be brought more than eight years after the act or omission. RCW 4.16.350.

This last eight-year limit is a statute of repose rather than a statute of limitation, since it terminates causes of action regardless of whether they have accrued. "A statute of limitation bars plaintiff from bringing an already accrued claim after a specified period of time". (Citations omitted.) *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 211, 875 P.2d 1213 (1994). In contrast, a "statute of repose terminates a right of action after a specific time, even if the injury has not yet occurred". (Citation omitted.) *Rice*, at 212.

For purposes of this section, with respect to care provided after June 25, 1976, and before August 1, 1986, *the knowledge of a custodial parent or guardian shall be imputed as of April 29, 1987*, to persons under the age of eighteen years.

(Italics mine.) RCW 4.16.350; Laws of 1987, ch. 212, § 1401, p. 796. *See also Merrigan v. Epstein*, 112 Wn.2d 709, 716-17, 773 P.2d 78 (1989) (construing only the preexisting claims provision of the 1987 amendment because care was provided in 1977).

The Gilberts' claim falls under the preexisting claims provision, since the allegedly negligent care was provided in 1977. Notwithstanding this central fact, the majority insists on deciding an issue not before the court, namely, how claims that do *not* fall under the preexisting claims provision should be treated. Majority, at 375 (purporting to hold generally that all three limitation periods in RCW 4.16.350 are tolled until a minor reaches age 18). Because Laura Gilbert fits within the special preexisting claims provision of the 1987 amendment, the majority's sweeping declaration that minority tolls every limitation in RCW 4.16.350 not only is mistaken but also is merely dicta.

Given the 1987 amendment, this case boils down to one simple question. Did the Gilberts discover, or should they reasonably have discovered, that Laura's condition was caused by acts or omissions of the Defendants during her birth? If the answer is "yes", the one-year discovery rule set by RCW 4.16.350 ran in 1988, and this action must be dismissed.

Under the medical malpractice statute, an action must be commenced within three years of an act or omission causing an injury. The action may be brought later than three years, but must be within "one year of the time the patient or his representative discovered or reasonably should have discovered that the injury or condition was caused by" the act or omission. RCW 4.16.350(3). For care provided between June 25, 1976, and August 1, 1986, such knowledge is imputed *as a matter of law* as of April 29, 1987. RCW 4.16.350.

Like the plaintiffs in our prior decision construing this provision, the Gilberts had one year from April 29, 1987, to preserve a cause of action for a preexisting claim. *Merrigan*, at 716 (any knowledge a mother had of the elements of a medical malpractice action would be imputed to her son as of April 29, 1987, and would be barred if not filed by April 29, 1988). Unlike the plaintiff in *Merrigan*, the Gilberts failed to commence this action by April 29, 1988. This suit, therefore, must be dismissed. RCW 4.16.350 ("Any action not commenced in accordance with this section shall be barred.")

The issue is simple enough to be disposed of on summary judgment. If the Gilberts had "discovered or reasonably should have discovered" that Laura's condition was caused by acts or omissions at her birth, such knowledge was imputed to Laura as of April 29, 1987, the effective date of the 1987 amendments. *See* RCW 4.16.350; *Merrigan*, at 716-17.

The delayed discovery rule requires a plaintiff to use due diligence in discovering the basis for the cause of action. RCW 4.16.350. *See also Allen v. State*, 118 Wn.2d 753, 758, 826 P.2d 200 (1992). The record overwhelmingly establishes the Gilberts either actually discovered, or reasonably should have discovered, that Laura's condition was caused by an alleged act or omission surrounding her birth. Laura was born in June 1977 by way of emergency caesarean section. A few days after Laura's birth, Mr. Gilbert, believing something had gone wrong during the birth process, spoke with one of the partners of the delivering physician about the circumstances of the birth. He told Mr. Gilbert there was a possibility the cord may have wrapped around the baby's neck, causing oxygen deprivation. At this time, Laura was experiencing seizures and other problems. In November 1978, the Gilberts took her to the University of Washington Child Development and Mental Retardation Center, where it was confirmed she had cerebral palsy resulting from asphyxiation at or prior to birth. The Gilberts suspected Laura's condition might

have been caused by improper care, and sought legal advice during 1979-1980 regarding a possible malpractice claim. In May 1991, the Gilberts again sought legal counsel regarding the events of Laura's birth and a possible malpractice claim. The Gilberts acknowledge they had no new or different information about the birth in 1991.

This factual information, known to the Gilberts, was sufficient to trigger the discovery rule.

> The key consideration under the discovery rule is the factual, not the legal, basis for the cause of action. The action accrues when the plaintiff knows or should know the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action.

*Allen*, 118 Wn.2d at 758 (summary judgment affirmed). *See also Gevaart v. Metco Constr., Inc.*, 111 Wn.2d 499, 502, 760 P.2d 348 (1988) (action barred by statute of limitation because failure to discover causation and legal basis of a claim does not toll the statute when plaintiff had knowledge of the facts surrounding her injury (summary judgment affirmed)); *Olson v. Siverling*, 52 Wn. App. 221, 228, 758 P.2d 991 (1988) ("If the plaintiff has [information regarding each of the elements], then the statute will run even if she is advised by a physician or an attorney that she has no cause of action". (summary judgment dismissal reversed)), *review denied*, 111 Wn.2d 1033 (1989).

Under the delayed discovery rule and the 1987 amendment, the Gilberts had one year from April 29, 1987, to bring suit. They failed to do so, and so this action is time barred.

Although this case turns on the application of the one-year delayed discovery rule to the preexisting claims provision, the majority mentions it only once. The majority contends, rather implausibly, that the one-year limit is tolled during minority, *even for preexisting claims*. The preexisting claims provision "makes no reference to the tolling statute and we will not read one into it". Majority, at 377.

It is not a matter of reading something into the statute, but rather of simply reading the statute. The statute unambiguously states that (1) for claims which existed prior to the 1987 amendments, (2) the one-year delayed discovery rule applies, and (3) the knowledge of a parent or guardian "shall be imputed as of April 29, 1987, to persons under the age of eighteen years". RCW 4.16.350. The statute does not mention tolling, because it declares a specific date for imputation as a matter of law. The idea is simple; the language is simple; the effect is simple.

Brushing aside the unambiguous language of the statute, the majority asserts that parental knowledge is imputed only when each plaintiff turns 18.[2] Whatever the merits of this argument for cases that do not involve the preexisting claims provision, the argument makes no sense here. If the knowledge should be imputed on each minor's 18th birthday, it would make no sense for the Legislature explicitly to fix the particular date for imputation for preexisting claims at April 29, 1987. The obvious reason for specifying that date is, as this court already noted in Merrigan, that "[t]he time limit for bringing a claim under a new statute [of limitation] begins to run upon preexisting claims only on the effective date of the statute". (Citations omitted.) *Merrigan*, 112 Wn.2d at 717. The one-year delayed discovery limit for claims which preexisted the 1987 amendment was fixed by statute at April 29,

---

[2]The majority's implausible reading causes it to contend that the Legislature's deletion of a major portion of the statute has no effect whatever.

Prior to the 1986 amendment, the eight-year statute of repose, as well as the three-year limit and the one-year delayed discovery period, were restricted by the following language: "*Provided*, That the limitations in this section shall not apply to persons under a legal disability as defined in RCW 4.16.190". In 1986, the Legislature deleted the quoted language and in its place substituted the following: "For purposes of this section, *notwithstanding RCW 4.16.190*, the knowledge of a custodial parent or guardian shall be imputed to a person under the age of eighteen years". (Italics mine.) RCW 4.16.350; Laws of 1986, ch. 305, § 502, p. 1361.

The Legislature specifically deleted the exception to the limitation periods for persons under 18. It deliberately added language stating that in spite of the general tolling statute, knowledge of a parent shall be imputed to a person under 18 for purposes of calculating the limitation periods. The majority would have this language disappear.

1988. As of that date, the Gilberts had not commenced this action.

## HISTORY OF THE MEDICAL MALPRACTICE STATUTE

Even if this were not a preexisting claims case, the majority would still be mistaken, as the language and legislative history of the statute demonstrate. The statute governing time limits on actions for medical malpractice has gone through a number of changes over the years. In its first incarnation, the statute was a model of simplicity. It embodied a three-year statute of limitation modified by a one-year discovery rule:

> Any civil action . . . based upon alleged [medical] professional negligence shall be commenced within (1) three years from the date of the alleged wrongful act, or (2) one year from the time that plaintiff discovers the injury or condition was caused by the wrongful act, whichever period of time expires last.

Laws of 1971, ch. 80, § 1, pp. 194-95 (codified as RCW 4.16.350).

The 1976 amendment added three refinements. It added a "knew or should have known" element to the discovery rule; it added a statute of repose which barred actions beyond eight years regardless of when they accrued; and it exempted persons under a disability from "the limitations in this section", which presumably included the three-year statute of limitation, the one-year discovery rule, and the eight-year statute of repose. As of 1976, then, actions had to be:

> commenced within three years of the act or omission alleged to have caused the injury or condition, or one year of the time the patient or his representative discovered or reasonably should have discovered that the injury or condition was caused by said act or omission, whichever period expires later, except that in no event shall an action be commenced more than eight years after said act or omission. Any action not commenced in accordance with this section shall be barred: PROVIDED, That the limitations in this section shall not apply to persons under a legal disability as defined in RCW 4.16.190.

Laws of 1975-76, 2d Ex. Sess., ch. 56, § 1, pp. 214-15 (amending RCW 4.16.350).

The Legislature revisited the statute in the 1986 tort reform act. That act amended RCW 4.16.350 once again. The amendment made three changes. First, it added a tolling provision for fraud or intentional concealment. Second, it deleted the 1976 exception to the eight-year statute of repose for persons under a disability as defined by RCW 4.16.190, which includes minority as a disability. Third, in place of the exception to the eight-year statute of repose, it added the following language:

> For purposes of this section, notwithstanding RCW 4.16.190, the knowledge of a custodial parent or guardian shall be imputed to a person under the age or [sic] eighteen years.

Laws of 1986, ch. 305, § 502, p. 1362. The act also required the insurance commissioner to prepare a report for the Legislature on the impact of the 1986 amendments. Laws of 1986, ch. 305, § 909, p. 1367. The commissioner empaneled a Tort Reform Committee, which examined the 1986 amendments and made recommendations. See *Report of the Tort Reform Committee to the Insurance Commissioner of the State of Washington on the 1986 Tort Reform Act* (January 1987).

LEGISLATIVE HISTORY OF 1987 AMENDMENT

The Tort Reform Committee's report to the Legislature specifically addressed the language added to RCW 4.16.350 in 1986 regarding imputation of knowledge to minors. The Committee noted that the language of the 1986 amendment "was apparently intended to cut off what has been characterized as 'the long tail' of liability for malpractice committed on minors". *Report*, at 56. Under the 1976 statute, doctors could be sued up to 26 years after an alleged injury. After acknowledging the constitutional questions surrounding imputing knowledge to minors, the Committee stated,

> However, assuming that the legislative objective is accepted

as appropriate, the language of the [1986] amendment fails to achieve that objective in a clear or uncontestable manner. It provides for the imputation of knowledge of the parents to the person under the age of eighteen, but this imputation will not start the running of the statute of limitations. Even before the enactment of the change, *actual* knowledge of a minor that he or she had been a victim of malpractice did not start the running of the statute of limitations. The statute started to run only when the person reached majority, even if, as a minor, the claimant had knowledge of the malpractice. The elimination of the last provision to former RCW 4.16.350 [by the 1986 amendment] indicates that *the section now is to apply to persons under a legal disability,* but, as just stated, imputation of knowledge of the parents to a minor does not start the running of the statute any more than actual knowledge by the minor did.

(Some italics mine.) *Report,* at 56-57. Thus, changes in addition to the 1986 amendment were needed in order for the imputation of knowledge to start the running of the statute. The Committee recommended changing the language of the 1986 amendment to make clear that the limitations periods *begin to run when the knowledge is imputed.*

In response to the Committee's recommendation, the Legislature adopted language underscoring the fact that knowledge is imputed during the period of minority and that the imputation starts the statute of limitation running. See *Report,* at 58. Specifically, the Legislature added the following underlined language:

For purposes of this section, notwithstanding RCW 4.16.190, the knowledge of a custodial parent or guardian shall be imputed to a person under the age of eighteen years, *and such imputed knowledge shall operate to bar the claim of such minor to the same extent that the claim of an adult would be barred under this section.* Any action not commenced in accordance with this section shall be barred.

Laws of 1987, ch. 212, § 1401, p. 796.

There is not the slightest doubt the Legislature intended to impute the knowledge to the minor at the time the

knowledge was acquired by the parent or guardian, not at age 18. The majority's interpretation is exactly opposite to the clear meaning of the 1987 amendment and to the manifest intent of the Legislature.

CONCLUSION :

I would hold the Gilberts discovered or reasonably should have discovered the basis for their cause of action prior to 1987. Such knowledge, whether it occurred in 1977, 1987, or any point in between, is imputed to Laura under the 1987 amendments as of April 29, 1987. Once the knowledge was imputed, the Gilberts had one year under the discovery rule to bring suit. They did not and, therefore, their claim is time barred.

Finally, I note that I do not necessarily agree with the policy embodied by the Legislature in its 1986 and 1987 amendments. However, it is not this court's role to provide counterpoint to the Legislature's decisions on matters of policy. Our constitutional scheme delegates the duty of policy making to the Legislature; we should, therefore, uphold duly enacted statutes unless they are unconstitutional. If the majority believes there are constitutional problems with the medical malpractice statute as amended, it should rely on a constitutional analysis, rather than accomplish a desired result by different and dubious means.

GUY, J., and ANDERSEN, J. Pro Tem., concur with DURHAM, C.J.

Motions for reconsideration denied February 22, 1996.