Honorable Nathan S. Ford Chairman Washington State Liquor Control Board P.O. Box 43075 Olympia, Washington 98504-0075
Dear Chairman Ford:
By letter previously acknowledged, the board has requested our opinion on a question we have paraphrased as follows:
 Does RCW 66.28.190 permit a licensed liquor wholesaler who also engages in the wholesaling of other (nonliquor) products to provide free or reduced-price products to a licensed retailer, so long as the practice in question is entirely confined to nonliquor products?
We answer this question in the negative, as more fully explained in the analysis below.
 ANALYSIS
Your question about the effect of RCW 66.28.190, enacted in 1988, requires us first to take note of preexisting law. RCW 66.28.010
provides, in relevant part, that no manufacturer, importer, or wholesaler [of liquor] shall advance moneys or moneys' worth to a licensed person under an arrangement, nor shall such licensed person receive, under an arrangement, an advance of moneys or moneys' worth[.]
RCW 66.28.010. (Emphasis added.) The board has implemented this provision through the promulgation of several Washington Administrative Code (WAC) rules, notably WAC 314-12-140, which prohibits a number of practices, including the provision of "gifts, discounts, loans of money, premiums, rebates, free liquor of any kind, treats or services of any nature[.]" (The full texts of RCW 66.28.010 and WAC 314-12-140 are enclosed as attachments A and B).
In 1988, the Legislature enacted an exception to RCW 66.28.010 and .190 (derived from section 1, chapter 50, Laws of 1988). The 1988 statute provides as follows:
 RCW 66.28.010 notwithstanding, persons licensed under RCW 66.24.200 as wine wholesalers and persons licensed under RCW 66.24.250 as beer wholesalers may sell at wholesale nonliquor food products on thirty-day credit terms to persons licensed as retailers under this title, but complete and separate accounting records shall be maintained on all sales of nonliquor food products to ensure that such persons are in compliance with RCW 66.28.010.
For the purpose of this section, "nonliquor food products" include all food products for human consumption as defined in RCW 82.08.0293
as it exists on July 1, 1987, except that for the purposes of this section bottled water and carbonated beverages, whether liquid or frozen, shall be considered food products.
Laws of 1988, ch. 50, a 1.
(Emphasis added.)
Your question is whether this provision, in addition to authorizing wine and beer wholesalers to sell nonliquor products on 30 days' credit, also authorizes them to engage in other related practices. Practices which are otherwise common in wholesale-retail relationships but prohibited as to liquor businesses by RCW 66.28.010, such as offering free or discounted products.
The answer is no. The wording and context of RCW 66.28.190 make it clear that this 1988 amendment provides only a limited exception to the earlier "tied house" prohibitions. When two or more statutes relate to the same subject matter, they are read together to give maximum effect of each provision. Gilbert v. Sacred Heart Medical Center, 127 Wn.2d 370, 900 P.2d 552 (1995), Martin v. Triol, 121 Wn.2d 135, 847 P.2d 471 (1993). RCW 66.28.190, which makes explicit reference to RCW 66.28.010 by beginning with "RCW66.28.010 notwithstanding[.]" This does not repeal the earlier statute or express any intent to displace it, except in the narrow manner stated in the later statute. RCW 66.28.190 permits wholesalers of beer and wine to sell at wholesale nonliquor food products on 30-day credit terms to licensed retailers, and defines bottled water and carbonated beverages in liquid or frozen form as "food products" for this limited purpose. This language is clear and precise, and by its plain expression includes no other "tied house" provisions.
In this regard, we rely also on the traditional canon of statutory interpretation that the expression of one matter in related statutes implies a legislative intent to exclude other matters not expressed. Kreidler v. Eikenberry, 111 Wn.2d 828, 766 P.2d 438
(1989); State v. Sponburgh, 84 Wn.2d 203, 525 P.2d 238 (1974). In authorizing certain liquor wholesalers to sell nonliquor food products on 30-day credit terms, while otherwise leaving RCW66.28.010 in place, the Legislature was impliedly deciding not to relax any of the other "tied house" restrictions for wholesalers. If the Legislature had intended a more general loosening of restrictions, it surely would have chosen broader language than appears in RCW 66.28.190.
The Legislature's intent seems even clearer when research into the history of RCW 66.28.190 reveals that it replaced the 1987 statute which did have a broader effect. Former RCW 66.24.125, enacted as section 2, chapter 386, Laws of 1987, provided that:
 The board may by rule, establish procedures for the sale, in accordance with normal commercial practices, of nonliquor products as defined in RCW 82.08.0293 by persons licensed under this chapter.
Laws of 1987, ch. 386, a 2. This statute was repealed by chapter 50, Laws of 1988, which simultaneously enacted RCW 66.28.190. Comparing the 1987 statute with the 1988 statute, we note that the 1987 law: (1) applied to all persons licensed under "this chapter" and not only to licensed wholesalers of beer and wine); and, (2) authorized the board to adopt rules allowing such wholesalers to engage in "normal commercial practices" (not limited to 30-day credit terms) with respect to the sale of nonliquor products. In both of these ways, the 1988 law is significantly narrower than its 1987 predecessor. The 1988 law does make a third change, by redefining "nonliquor food products" to include bottled water and carbonated beverages, and on that issue alone is broader than the 1987 law.
Since RCW 66.28.190 creates only a narrow exception to the "tied house" prohibitions contained in RCW 66.28.010 and otherwise leaves those prohibitions in place, we conclude that wholesalers of beer and wine are still prohibited from engaging in any of the practices prohibited by RCW 66.28.010 with respect to their sales to licensed retailers, except for offering 30-day credit on nonliquor food items as defined in RCW 66.28.010.
Before closing, we note that you have in your question assumed that RCW 66.28.010 prohibits the offering of free or discounted goods by a manufacturer or wholesaler to a retailer. you have supplied us with material indicating that this statute (like similar statutes in other states) has always been interpreted very broadly to prohibit any special financial arrangements among the tiers of the liquor business, including not only loans or credit, but also discounts, premiums, and similar sales incentives. In at least one prior opinion, we implicitly accepted this broad reading. See AGO 1973 No. 28. We assume that your longstanding administrative interpretation would be adopted by the courts if challenged, but we have not separately analyzed RCW 66.28.010 in this opinion.
We trust the foregoing will be of assistance to the board.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JAMES K. PHARRIS Senior Assistant Attorney General
Enclosures: RCW 66.28.010
WAC 314-12-140