Honorable Brian Sonntag State Auditor Legislative Building P.O. Box 40021 Olympia, Washington 98504-0021
Dear Mr. Sonntag:
By letter previously acknowledged, you have asked for our opinion on the following questions:
 1. Does the requirement in RCW 43.09.210 that a government entity receive full value for property transferred to another entity apply when surplus property is being disposed of pursuant to RCW 39.33.010?
 2. Does the public hearing requirement contained in RCW 39.33.020 for disposal of surplus property with a value in excess of $50,000 apply only to intergovernmental transfers or to transfers to any party, public or private?
 BRIEF ANSWERS
When a government utilizes chapter 39.33 RCW to transfer property to another government, it is required to receive "full value" under RCW 43.09.210, unless some other specific statute applies. The concept of "full value" is a flexible one, depending on the facts of a particular case. The public hearing requirement in RCW39.33.020 applies only to intergovernmental transfers made pursuant to chapter 39.33 RCW.
 ANALYSIS
Your question is about the relationship between two different statutes enacted at different times and for different purposes. The older of the two statutes, codified as RCW 43.09.210, provides in part as follows:
 . . . All service rendered by, or property transferred from, one department, public improvement, undertaking, institution, or public service industry to another, shall be paid for at its true and full value by the department, public improvement, undertaking, institution, or public service industry receiving the same, and no department, public improvement, undertaking, institution, or public service industry shall benefit in any financial manner whatever by an appropriation or fund made for the support of another. . . .
RCW 43.09.210.
This statute has remained unchanged since its original enactment in Laws of 1909, chapter 76, § 3. This chapter was entitled "Establishing a Uniform System of Public Accounting." It authorized the State Auditor to adopt a uniform accounting system for state and local governments, required agencies to provide statistics and auditing information, and defined some of the inspection and oversight duties of the Auditor's staff. In context, § 3 (now RCW 43.09.210) should be read as part of the state's accounting system, requiring governments to keep accurate records and to fully account for money and property transferred among various accounts, funds, or governments.
From its context, RCW 43.09.210 might be read as affecting only transfers and transactions within a government (such as the transfer of a tractor from a city's street department to its park department). However, the Supreme Court decided, in State v. GraysHarbor County, 98 Wn.2d 606, 656 P.2d 1084 (1983), that this section also applies to transactions between two different governments. In the Grays Harbor County case, the Court found that, in the absence of some other statute providing otherwise, RCW 43.09.210 required the state to pay the same fees for filing documents with the county auditor that other parties were required to pay, because otherwise the county would, in effect, subsidize state government by providing "free" services. Thus, RCW 43.09.210
provides a "background" or "default" rule that governments pay full value for transfers of property or services, except where the Legislature has otherwise provided.
The other statute you have cited, chapter 39.33 RCW, is newer than RCW 43.09.210 (it dates originally to Laws of 1953, ch. 133), and deals more specifically with transfers of property from one government (state or local) to another. RCW 39.33.010 provides as follows:
 (1) The state or any municipality or any political subdivision thereof, may sell, transfer, exchange, lease or otherwise dispose of any property, real or personal, or property rights, including but not limited to the title to real property, to the state or any municipality or any political subdivision thereof, or the federal government, on such terms and conditions as may be mutually agreed upon by the proper authorities of the state and/or the subdivisions concerned.
 (2) This section shall be deemed to provide an alternative method for the doing of the things authorized herein, and shall not be construed as imposing any additional condition upon the exercise of any other powers vested in the state, municipalities or political subdivisions.
(3) . . .
RCW 39.33.010. (Emphasis added.)
With these two statutes in mind, we proceed to your questions.
1. Does the requirement in RCW 43.09.210 that a government entityreceive full value for property transferred to another entityapply when surplus property is being disposed of pursuant to RCW39.33.010?
We begin with the familiar proposition that where the Legislature has enacted several statutes on a subject, the courts try to harmonize them in so far as possible, to give effect to all.Gilbert v. Sacred Heart Medical Center, 127 Wn.2d 370,900 P.2d 552 (1995); Martin v. Triol, 121 Wn.2d 135, 847 P.2d 471 (1993). As with the statutes construed in those two cases, we find that RCW 43.09.210 and RCW 39.33.010 can be harmonized.
There is a certain tension between the two statutes under consideration. If the "full value" requirement in RCW 43.09.210 is applied in its strictest sense, the consequence is to eliminate much of the discretion the Legislature intended to grant governments in RCW 39.33.010. If the transferring governments have no discretion to negotiate over the price of the item transferred, much of the purpose of chapter 39.33 RCW is frustrated.
On the other hand, if chapter 39.33 RCW is read in the broadest possible manner, to permit governments to make wholly gratuitous transfers of valuable property to one another by invoking its procedures, the central purposes of RCW 43.09.210 are likewise frustrated: making governments fully accountable for their property and assuring that the resources allocated by law to one government are not used to subsidize the activities of a different government.
However, it is not necessary to read "full value" in its strictest sense, or to adopt the broadest possible reading of RCW 39.33.010. If the term "full value" is applied flexibly and practically, taking into account the circumstances of a particular transaction, governments are free to negotiate the terms of an intergovernmental transfer while still honoring the "full value" requirement. Thus, the two statutes can be harmonized to give effect to the policy behind each.
For instance, if two governments conduct negotiations concerning an item of property, and arrive at a bargain by which the property will be transferred in exchange for some consideration (which could be a monetary payment, other property, services performed for the transferring government, or perhaps even relief from a burden), we think the courts would find that the transferring government received "full value" unless the actions of one or both governments were obviously irrational or arbitrary.
At the same time, RCW 43.09.210 requires governments to conduct their negotiations against the backdrop of the "full value" requirement. This requires representatives of both governments to think about the "value" of the property in question and to address the issue of value in their negotiations. Thus, a transfer of property for no consideration at all, and with no documentation that the parties addressed the issue of value in their negotiations, would not satisfy RCW 43.09.210.
Thus, we conclude that when a government uses the provisions of RCW 39.33.010 to transfer property to another government, the transferring agency is required to negotiate for the receipt of "full value" for the property transferred. "Full value" has a flexible meaning, depending on the nature of the property transferred and the other circumstances of the transaction, and "value" could take forms other than monetary consideration.
2. Does the public hearing requirement contained in RCW 39.33.020for disposal of surplus property with a value in excess of $50,000apply only to intergovernmental transfers or to transfers to anyparty, public or private?
The opening sentence of RCW 39.33.020 reads: "[b]efore disposing of surplus property with an estimated value of. . . ." Nothing in this section, read in isolation, limits the application of the section to intergovernmental dispositions of surplus property. One possible reading of this language then, is that it requires the state or any local government agency, when disposing of surplus property to anyone or under any circumstances, to hold a public hearing if the property is valued at more than $50,000.
Although the Legislature's intentions in this regard are not entirely clear, we conclude that the context of RCW 39.33.020 and circumstances of its enactment clarify that the hearing requirement applies only to intergovernmental transfers of public property made pursuant to RCW 39.33.010. We begin with the familiar proposition that a statute must be read in its entirety, not piecemeal, and that various provisions should be interpreted in light of one another. Western Petroleum Importers, Inc. v.Friedt, 127 Wn.2d 420, 899 P.2d 792 (1995); Pope v. University ofWashington, 121 Wn.2d 479, 852 P.2d 1055 (1993), cert. denied,510 U.S. 1115, 114 S.Ct. 106, 127 L.Ed.2d 381, opinion amended,871 P.2d 590 (1994).
In this case, RCW 39.33.020 was enacted as a portion of Laws of 1981, ch. 96. Section 1 of that chapter removed from RCW 39.33.010
the proviso requiring a judicial approval of intergovernmental transfers, while section 2 replaced the proviso with an independent section now codified as RCW 39.33.020. The two sections were obviously meant to work together, and the public hearing requirement replaced the judicial approval procedure. Thus, although RCW 39.33.020 in isolation is not limited to intergovernmental transfers, it was meant to work in tandem with RCW 39.33.010, which is so limited.
If RCW 39.33.010 and .020 are read together as an additional, alternative method of property disposition between governments, this chapter harmonizes well with the numerous other laws dealing with property disposition by various categories of state and local government. By contrast, reading RCW 39.33.020 as establishing an independent hearing requirement for all large dispositions of surplus public property creates a conflict with these other statutes. As examples, we note RCW 43.19.1919 and .1920 (establishing various procedures for disposition of surplus state property), chapter 36.34 RCW (provisions relating to disposition of county property, including public notice and public hearing requirements which differ from those in RCW 39.33.020), and chapter 28A.335 RCW concerning surplus school district property (again containing public notice and hearing requirements different from those in chapter 39.33 RCW). Neither the 1981 nor 1995 amendments to chapter 39.33 RCW purport to amend these other statutes.
Accordingly, we conclude that the public notice and hearing requirements in RCW 39.33.020 apply only to dispositions of surplus public property by one state or local government to another government under RCW 39.33.010. Where the transferee of the property is not a government, other statutes may apply.
We trust this opinion will be of assistance to you.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JAMES K. PHARRIS Sr. Assistant Attorney General