# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of | No. 51076-6-II |
| CHARLES McBETH, | |
| Appellant, | |
| and | |
| RUBY E. KETSCHAU, | UNPUBLISHED OPINION |
| Respondent. | |

CRUSER, J. — In the marriage dissolution of Charles McBeth and Ruby Ketschau, the trial court accepted Ketschau's claim that prior to the marriage, she and McBeth had been in an earlier committed intimate relationship (CIR). Based on that finding, the trial court characterized McBeth's premarital pension plan earnings as community property,[1] which McBeth contends should have been characterized as separate property. McBeth appeals, arguing that the trial court erred by failing to consider and accept his statute of limitations defense to the existence of a CIR. McBeth also argues that the trial court violated the appearance of fairness doctrine and requests remand to a different judge.

---

[1] Property jointly acquired during a committed intimate relationship is properly characterized as community-like property, rather than community property.

We hold that the trial court erred in failing to accept McBeth's statute of limitations defense and in failing to dismiss Ketschau's CIR claim as time barred. Therefore, we reverse the dissolution decree and remand this case to the trial court to characterize McBeth's premarital pension earnings as separate property and to reconsider the distribution of property.

Further, we hold that the trial court did not demonstrate bias against McBeth. We remand to the trial court for further proceedings consistent with this opinion.

FACTS

McBeth and Ketschau started dating in late November 2005 and began living together in March 2006. McBeth and Ketschau married five years later on May 28, 2011. Shortly after, on November 30, 2012, McBeth and Ketschau separated. However, McBeth did not file a dissolution petition until October 2015. Ketschau responded to McBeth's petition in February 2016 and claimed the parties had been in a committed intimate relationship for six years prior to the marriage. The trial court found that the parties entered a CIR from December 2005 until they married on May 28, 2011. The trial court further found that the parties' separation date was November 30, 2012, noting that their "marital community ended on November 30, 2012. The parties stopped acquiring community property and incurring community debt on this date." Clerk's Papers at 112. The trial court distributed 50 percent of McBeth's pension plan earnings during the period of December 2005 through November 2012 to Ketschau.

At trial and in his posttrial brief, McBeth argued that Ketschau's CIR theory was barred by the three-year statute of limitations. Ketschau did not respond to McBeth's statute of limitations defense, either at trial or in response to McBeth's posttrial brief. McBeth moved for reconsideration and the trial court denied the motion. McBeth appeals.

2

ANALYSIS

I.  COMMITTED INTIMATE RELATIONSHIP

McBeth argues that the trial court erred when it found that the parties entered a CIR before marriage.  McBeth challenges the trial court's finding that the elements of a CIR were met, and he contends that the trial court erred when it failed to consider his statute of limitations defense and dismiss Ketschau's CIR claim.  As a result, McBeth contends that the trial court improperly characterized his pension plan earnings from December 2005 to May 28, 2011 as community-like property.  We agree.

A.  STANDARD OF REVIEW AND LEGAL PRINCIPLES

We review the trial court's conclusion of law relating to the existence of a CIR de novo.  Whether a CIR existed between the parties presents a mixed question of law and fact.  *In re Marriage of Pennington*, 142 Wn.2d 592, 602-03, 14 P.3d 754 (2000).  Although we defer to the trial court's unchallenged findings of fact as well as to challenged findings supported by substantial evidence, we review de novo whether the trial court's legal conclusions properly follow from those findings.  *Id*.  With respect to challenged factual findings, evidence is "substantial" if it would "'persuade a fair-minded person of the declared premise.'"  *In re Domestic P'ship of Walsh*, 183 Wn. App. 830, 841, 335 P.3d 984 (2014) (internal quotation marks omitted) (quoting *Gormley v. Robertson*, 120 Wn. App. 31, 38, 83 P.3d 1042 (2004)).  We "neither weigh the evidence nor judge the credibility of the witnesses."  *In re Committed Intimate Relationship of Muridan*, 3 Wn. App. 2d 44, 55, 413 P.3d 1072, *review denied*, 191 Wn.2d 1002 (2018).

We review a trial court's division of property following a CIR for an abuse of discretion.  *Walsh*, 183 Wn. App. at 841.  "'A trial court abuses its discretion if its decision is manifestly

unreasonable, adopts a position no reasonable judge would take, is based on untenable grounds, or if the judge misapplied the law.'" *Muridan*, 3 Wn. App. 2d at 54 (internal quotation marks omitted) (quoting *In re Parenting & Support of L.H.*, 198 Wn. App. 190, 194, 391 P.3d 490 (2016)).

A CIR "is a 'stable, marital-like relationship where both parties cohabit with knowledge that a lawful marriage between them does not exist.'" *In re Meretricious Relationship of Long*, 158 Wn. App. 919, 925, 244 P.3d 26 (2010) (quoting *Connell v. Francisco*, 127 Wn.2d 339, 346, 898 P.2d 831 (1995)). Based on equitable principles, a CIR protects the interests of unmarried parties who acquire property during their relationships by preventing the unjust enrichment of one at the expense of the other when the relationship ends. *Pennington*, 142 Wn.2d at 602.

Factors establishing a committed intimate relationship include, but are not limited to: (1) continuous cohabitation, (2) duration of the relationship, (3) purpose of the relationship, (4) pooling resources and services for joint projects, and (5) the intent of the parties. *Connell*, 127 Wn.2d at 346 (citing *In re Marriage of Lindsey*, 101 Wn.2d 299, 304, 678 P.2d 328 (1984)). A relationship that develops into marriage was not necessarily preceded by a committed intimate relationship. Parties who do not continuously cohabitate prior to marriage, for example, do not form a committed intimate relationship. *Pennington*, 142 Wn.2d at 603.

Due to the doctrine's equitable underpinnings, a claim for property distribution based on a CIR is subject to a three-year statute of limitations. RCW 4.16.080(3); *In re Matter of Kelly*, 170 Wn. App. 722, 735, 737, 287 P.3d 12 (2012). Courts apply the CIR doctrine "only to cases after the parties have ended their relationship, either by choice or death." *Id*. at 734.

4

C. STATUTE OF LIMITATIONS

McBeth argues that Ketschau's claim was untimely because the statute of limitations began to run when the trial court found the parties separated on November 30, 2012, and Ketschau did not make her claim for property under the committed intimate relationship doctrine until over three years later, in February 2016. The statute of limitations is an affirmative defense, and the moving party carries the burden of proof.[2] CR 8(c); *Haslund v. Seattle*, 86 Wn.2d 607, 620-21, 547 P.2d 1221 (1976). Whether a statute of limitations applies to bar an otherwise valid claim is a question of law, but the trier of fact must decide the underlying factual questions unless the facts are only susceptible to one reasonable interpretation. *Goodman v. Goodman*, 128 Wn.2d 366, 373, 907 P.2d 290 (1995).

---

[2] "If an affirmative defense is not affirmatively pleaded, asserted in a motion under CR 12(b), or tried by the express or implied consent of the parties, the defense is deemed waived." *Wesche v. Martin*, 64 Wn. App. 1, 6-7, 822 P.2d 812 (1992). The record on appeal does not support a finding that McBeth affirmatively pleaded his statute of limitations defense pretrial. However, McBeth raised the affirmative defense in his opening statement without objection, and the facts necessary to establish the defense were admitted at trial without objection. *Bernsen v. Big Bend Elec. Coop., Inc.*, 68 Wn. App. 427, 434, 842 P.2d 1047 (1993). (Although self-represented, the record demonstrates that Ketschau made numerous objections throughout the trial, including during McBeth's opening statement.) Therefore, we conclude that his defense was tried by the express or implied consent of the parties, and we may treat the statute of limitations defense as if raised in the pleadings. *Id.* The dissent argues that the statute of limitations defense was not tried with the express or implied consent of the parties because McBeth's sole mention of the defense came during his opening statement, and he failed to argue the defense in his closing argument. This fact does not defeat a finding that the defense was tried with, in the very least, the implied consent of Ketschau. As we note below, the trial court limited the parties' closing arguments following this multi-day trial to *three minutes* per side. The trial court interrupted both parties during their arguments to hasten their presentations. It is surprising that counsel for McBeth was able to articulate the elements of a committed intimate relationship during this unreasonable time frame, much less argue a statutory defense. Moreover, this defense involves a straightforward application of two things: the date the statute of limitations began running and the date on which the claim was brought. Thus, we address the merits of the statute of limitations defense.

1. *The Statute of Limitations on a CIR Action Accrues When the Parties Separate*

Our first task is to determine when the statute of limitations on Ketschau's CIR claim began to run. Division Three of this court held that because courts apply the CIR doctrine "to cases after the parties have ended their relationship, either by choice or death," a CIR action begins to accrue when the CIR ends. *Kelly*, 170 Wn. App. at 734. However, unlike this case, the parties in *Kelly* entered a CIR but did not marry. *Id*. at 727. Washington courts have not resolved when the statute of limitations begins to run on a CIR claim when a CIR is followed by a marriage. Therefore, we are presented with the question of when a committed intimate relationship "ends" for parties who marry.

"'A cause of action accrues when a party has the right to seek relief in the courts'" or when "'the plaintiff also knows or should know the relevant facts . . . to establish a legal cause of action.'" *Kelly*, 170 Wn. App. at 734 (internal quotation marks omitted) (quoting *Crownover v. Dep't of Transp.*, 165 Wn. App. 131, 141, 265 P.3d 971 (2011)); *Gilbert v. Sacred Heart Med. Ctr.*, 127 Wn.2d 370, 381, 900 P.2d 552 (1995)). The purpose of the CIR doctrine is to equitably dispose of property when parties go their separate ways. *Kelly*, 170 Wn. App. at 734; *Pennington*, 142 Wn.2d at 602. Unmarried parties to a committed intimate relationship who later marry have no reason to bring an equitable claim for property distribution because they have not separated and remain committed to their relationship. Nor do they have an interest during the marriage in distributing property acquired during the premarital relationship. Additionally, a party would only know or have reason to know of the relevant facts to establish a CIR claim once one party seeks to terminate the marriage.

We hold that when parties to a committed intimate relationship marry, the statute of limitations for a property distribution claim based on the committed intimate relationship doctrine begins to run on the date the parties separate and the marital community ends.[3]

2. *Ketschau's CIR Claim Is Barred Under the Statute of Limitations*

Here, the underlying factual questions are susceptible to only one reasonable interpretation. *Goodman*, 128 Wn.2d at 373. Substantial evidence supports the trial court's conclusion that McBeth and Ketschau separated, and their marital community ended, no later than November 30, 2012. McBeth filed a dissolution of marriage petition in October 2015. Ketschau first pleaded her claim for property under the committed intimate relationship doctrine in her response to the dissolution of marriage petition in February 2016. Because the statute of limitations began to run on the CIR claim when the parties separated on November 30, 2012, over three years had passed by the time Ketschau brought the CIR claim in February 2016. Therefore, the trial court erred when failing to dismiss her claim because it is barred by the statute of limitations.

Although we cannot say that the trial court necessarily made an inequitable distribution of property in this case, having found the trial court erred in considering Ketschau's CIR claim, we

---

[3] A marital community ends when married individuals live "separate and apart," meaning the individuals no longer have the will to continue the marriage. *Seizer v. Sessions*, 132 Wn.2d 642, 658, 940 P.2d 261 (1997). While living "separate and apart," their respective earnings are regarded as separate property because the marital community no longer exists. RCW 26.16.140; *In re Marriage of Wright*, 179 Wn. App. 257, 267, 319 P.3d 45 (2013).

must reverse the dissolution decree and remand this case to the trial court to characterize McBeth's premarital pension earnings as separate property and reconsider the distribution of property.[4]

## II. APPEARANCE OF FAIRNESS DOCTRINE

McBeth seeks disqualification of the trial judge on remand. He reasons that the trial judge's comments during his opening statement, time restriction on closing statements, and refusal to consider his evidentiary contentions, including the denial of his motion for reconsideration, are sufficient to show she was biased in favor of Ketschau.[5]

The law requires not only an impartial judge, "it also requires that the judge appear to be impartial." *State v. Madry*, 8 Wn. App. 61, 70, 504 P.2d 1156 (1972). "The test for determining whether a judge's impartiality might reasonably be questioned is an objective one that assumes the reasonable person knows and understands all the relevant facts." *In re Estate of Hayes*, 185 Wn. App. 567, 607, 342 P.3d 1161 (2015). A party asserting a violation of the appearance of fairness doctrine must produce sufficient evidence demonstrating bias. *Id.* Mere speculation is not enough. *Id.* In considering McBeth's argument, we assume no actual prejudice or bias. *Id.*

None of the grounds McBeth asserts question the judge's impartiality. First, the trial judge's comments during McBeth's opening statement do not suggest bias. During his opening

---

[4] We note that under RCW 26.09.080, both the separate and community property is before the trial court at dissolution. The trial court, following consideration of the factors set forth in the statute, has the discretion to award the separate property of one spouse, acquired before the marriage, to the other spouse if necessary to achieve a just and equitable distribution of property. *In re Marriage of Larson*, 178 Wn. App. 133, 143, 313 P.3d 1228 (2013).

[5] McBeth also supports his argument by claiming that the trial court "falsely accused" counsel of altering the final order. Opening Br. of Appellant at 48. The record shows that McBeth's counsel did alter the final order in the trial court's presence by modifying his signature block to state "not agreed." 3 Verbatim Report of Proceedings at 298.

statement, McBeth failed to pause to afford the court an opportunity to hear Ketschau's objections. The court intervened by requiring that McBeth pause when Ketschau objected. By intervening, the trial court ensured Ketschau, a self-represented litigant, had the opportunity to have her matter fairly heard. CJC 2.2, cmt. 4. This does not suggest bias.

The trial court's three-minute time restriction on both parties' closing statements also does not demonstrate bias. McBeth argues that the time restriction indicates that the trial court made its decision before it heard all the evidence. The time restriction imposed in this case is certainly concerning. The trial in this case spanned several days. A three-minute time restriction provides little opportunity to summarize the evidence and make well-reasoned argument. As we note above, it is unsurprising, given this time restriction, that counsel for McBeth lacked sufficient time to present any argument relating to the statute of limitations defense. However, a closing argument is not evidence to be considered by the trial court, and the trial court is afforded broad discretion to limit the duration of closing arguments. *State v. Warren*, 165 Wn.2d 17, 29, 195 P.3d 940 (2008); *State v. Jack*, 63 Wn.2d 632, 638-39, 388 P.2d 566 (1964). Moreover, the time restriction here was placed on both parties and does not evidence any particular bias toward McBeth.

The trial judge incorrectly ruled that the parties entered a CIR. However, McBeth points us to a longstanding principle that "[j]udicial rulings alone almost never constitute a valid showing of bias." *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 692, 101 P.3d 1 (2004); *Liteky v. United States*, 510 U.S. 540, 555, 556, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). Like the United States Supreme Court, we hold that judicial rulings occurring within the course of a judicial proceeding and a judge's ordinary efforts at courtroom administration are inadequate grounds to constitute bias. *Liteky*, 510 U.S. at 556.

No. 51076-6-II

CONCLUSION

Ketschau's CIR claim is barred by the statute of limitations because she did not assert her claim within three years after the parties separated and their marital community ended. Further, the trial judge did not violate the appearance of fairness doctrine and disqualification is inappropriate. We reverse the dissolution decree and remand to the trial court for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

I concur:

SUTTON, J.

10

MELNICK, J. (dissent) — I respectfully dissent from the majority opinion and would affirm the trial court. There are two primary reasons for my disagreement. First, Ruby E. Ketschau never pled the statute of limitations as a defense and I disagree with the majority's conclusions that it was tried with the express consent of the parties. Second, when, as here, the parties married each other after being in a committed intimate relationship (CIR), the statute of limitations for a CIR is inapplicable. I believe that the community-like property acquired during the CIR should be distributed in the dissolution proceedings.

A CIR is a "stable, marital-like relationship where both parties cohabit with knowledge that a lawful marriage between them does not exist." *Connell v. Francisco*, 127 Wn.2d 339, 346, 898 P.2d 831 (1995). A CIR is based on equitable principles. It protects the interests of unmarried parties who acquire property during their relationships. When the relationship ends, a CIR prevents the unjust enrichment of one party at the expense of the other. *In re Marriage of Pennington*, 142 Wn.2d 592, 602, 14 P.3d 764 (2000).

"Washington courts recognize that two individuals in a CIR may both have an interest in property acquired during the relationship.[6] Following the termination of a CIR, courts may equitably divide property in a manner similar to marriage dissolution proceedings." *Muridan v. Redl*, 3 Wn. App. 2d 44, 55, 413 P.2d 1072 (2018) (citation omitted). It should divide the property in a just and equitable fashion. *In re Marriage of Lindsey*, 101 Wn.2d 299, 304, 678 P.2d 328 (1984). "The division of property following termination of an unmarried cohabiting relationship

---

[6] Property acquired during a CIR is not community property, but it is presumed to be community-like property. *Soltero v. Wimer*, 159 Wn.2d 428, 434, 150 P.3d 552 (2007).

is based on equity, contract or trust." *Peffley-Warner v. Bowen*, 113 Wn.2d 243, 253, 778 P.2d 1022 (1989).

CR 8(c) requires that affirmative defenses have to be pled. The statute of limitations is an affirmative defense. CR 8(c). Affirmative defenses are waived if not pled or tried by the express or implied consent of the parties. CR 12(b); *Farmers Ins. Co. of Wash. v. Miller*, 87 Wn.2d 70, 76, 549 P.2d 9 (1976).

In the present case, it is undisputed that Charles M. McBeth did not plead the statute of limitations. It is also without dispute that Ketschau, in her "Response to Petition" put McBeth on notice that she would be arguing that a CIR existed. The sole assertion that a statute of limitations violation occurred was a brief mention of it in McBeth's opening statement. McBeth not only did not argue a statute of limitations violation occurred in his closing argument, but he did not even mention it. Rather, he argued that a CIR did not exist.

I disagree that under the facts of this case the statute of limitations was argued with the express consent of the parties. I believe this affirmative defense has been waived by McBeth. In addition, assuming that the statute of limitations affirmative defense had been preserved, I disagree with the majority's conclusion that the statute of limitations bars recovery in this case. The majority primarily relies on *In Re Kelly and Moesslang*, 170 Wn. App. 722, 287 P.3d 12 (2012). In that case, the parties had a relationship but never married.[7] *Kelly*, 170 Wn. App. at 727. The court concluded that the undisputed facts showed that the relationship had ended more than three years before Kelly filed a complaint to divide property that she alleged had been acquired during

---

[7] Unlike the situation in the present case, the trial court in *Kelly* never made a finding that a CIR existed. *Kelly*, 170 Wn. App. at 737.

the CIR. Moesslang pleaded the statute of limitations as an affirmative defense. *Kelly*, 170 Wn. App. at 727. In affirming the trial court's dismissal of Kelly's cause of action to divide property, *Kelly* recognized that an action to divide assets acquired during a CIR accrued when the CIR ended. 170 Wn. App. at 734. It then proceeded to state that, "A party must sue to establish that the [CIR] relationship existed within three years of the end of the relationship." *Kelly*, 170 Wn. App. at 737.

A marital relationship ends when it is dissolved. RCW 26.09.150(1). "In a proceeding for dissolution of the marriage . . . or in a proceeding for disposition of property following dissolution of the marriage . . . the court shall, without regard to misconduct, make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable." RCW 26.09.080

When entering a decree of dissolution of marriage, a court shall "make provision for the disposition of property and liabilities of the parties." RCW 26.09.050(a). "A court having personal jurisdiction over both parties may not postpone distribution of property and liabilities to a future time." 20 SCOTT J. HORENSTEIN, WASHINGTON PRACTICE: FAMILY & COMMUNITY PROPERTY LAW § 32:1, at 175 (2nd ed. 2015).

It is clear to me that when parties in a CIR subsequently marry, the action to divide community-like property acquired during the CIR should be done at the same time as other property is divided during the dissolution proceedings.[8] The entry of a dissolution decree ends the

---

[8] In fact, the physical property being divided in a dissolution proceeding may be the same physical property which was acquired during the CIR. As an example, parties in a CIR may acquire a residence and make mortgage payments for a number of years before getting married. They may then continue to make mortgage payments on the same residence during the marriage.

relationship. To apply a three year statute of limitations to the date of separation, as the majority does in this case, leads to an absurd and inequitable result. I respectfully dissent.

_____
Melnick, P.J.