[No. 6894.   Decided January 20, 1908.]

H. H. McMILLAN, *Respondent*, v. CHARLES W. WALKER,
*Appellant*.[1]

FORCIBLE ENTRY AND DETAINER—EVIDENCE OF TITLE—JUDGMENT—
ADMISSIBILITY. In an action of unlawful detainer, a foreclosure judg-
ment establishing a clear legal title in the plaintiff is admissible in
evidence, although the defendant was not a party to the foreclosure
and his equities were not affected thereby; since his claim of para-
mount title fails if he does not establish any of his affirmative
defenses.

LIMITATION OF ACTIONS—DISABILITY—MINORITY. The ten-year
statute of limitations for actions for the recovery of real property
does not begin to run against a minor until he attains his majority.

ADVERSE POSSESSION—PAYMENT OF TAXES—CLAIM OF TITLE—EVI-
DENCE—SUFFICIENCY. A plea of adverse possession of real property,
by the payment of taxes for seven years under claim of title, is not
sustained by evidence that a third party had paid taxes at defend-
ant's request for quite a while, no year or series of years being
specified, nor where evidence of his claim of title by purchase was
contradictory and evasive.

Appeal from a judgment of the superior court for Lincoln
county, Warren, J., entered December 10, 1906, in favor of

[1]Reported in 93 Pac. 520.

the plaintiff by direction of the court, upon discharging the jury, after a trial on the merits, in an action of unlawful detainer.   Affirmed.

*J. T. Mulligan* and *Martin & Wilson*, for appellant.

*Neal, Sessions & Myers* (*H. A. P. Myers*, of counsel), for respondent.

RUDKIN, J.—This was an action of unlawful detainer, commenced under Bal. Code, § 5549 (P. C. § 1192).   In the abstract appended to the complaint the plaintiff deraigns his title as follows:   (1)  By patent from the United States to Alice Sutherlin; (2)  by decree of the superior court of Lincoln county in an action entitled Edmund Sutherlin v. Alice Sutherlin adjudging that the plaintiff Edmund Sutherlin was the owner of said premises and that the defendant Alice Sutherlin had no right, title, or interest therein; (3) by deed from Edmund Sutherlin and wife to Joseph Sessions; (4)  by deed from Joseph Sessions and wife to the plaintiff herein; (5)  by sheriff's deed executed to the plaintiff herein on foreclosure of a mortgage given by Alice Sutherlin on the 23d day of September, 1890.   The answer consisted of a denial of the plaintiff's title, and pleas of the ten-year statute of limitations, the seven-year statute of limitations, and fee simple title in the defendant Walker.   At the close of the testimony the court below discharged the jury and directed a judgment in favor of the plaintiff.   From that judgment the defendant Walker has appealed.

The appellant first contends that the court erred in admitting in evidence the records in the mortgage foreclosure and in the action of Sutherlin v. Sutherlin above referred to, because he was not made a party to either of said actions. In so far as the mortgage foreclosure is concerned, we deem it sufficient to say that the appellant claimed under paramount title and was neither a necessary nor proper party to that action.   The proceedings in either action were ample to vest

the legal title in the respondent, and no claim is made that the judgments barred or cut off any claims or equities of the appellant. The respondent having shown a clear legal title, the judgment of the court below is free from error, unless the appellant established one or more of his affirmative defenses.

The plea of the ten-year statute of limitations is disposed of in what was said by this court in *May v. Sutherlin,* 41 Wash. 609, 84 Pac. 585, involving this same land. Edmund Sutherlin, under whom the respondent claims, was the owner of the legal title until the 2d day of April, 1906. He did not attain his majority until the 28th of February, 1901, and until that date the ten-year statute of limitations did not commence to run. The appellant utterly failed to prove that he paid any taxes whatever on the premises. He testified that he tried to keep the taxes up, and that Mr. May paid them for quite a while during the hard times at his request, but there was no evidence upon which the court or jury could find that taxes had been paid by the appellant, or at his request, for any year or series of years. The testimony of the appellant tending to show that he purchased the property from Alice Sutherlin in the year 1890 was contradictory and evasive. It was utterly insufficient to establish any claim or title in real property, and the court below properly so ruled. The record in this cause shows that the title to this land has been in litigation for more than sixteen years. As soon as one claimant is defeated another turns up asserting some claim under a defendant in some former action. We fully agree with the court below that this litigation should end, at least until some more substantial and meritorious claim is asserted . against the property.

The judgment of the court below is affirmed.

HADLEY, C. J., CROW, and ROOT, JJ., concur.

MOUNT and FULLERTON, JJ., took no part.