Honorable Robert J. Bavasi, Chair Board of Trustees Everett Community College 801 Wetmore Avenue Everett, WA 98201-1327
Dear Mr. Bavasi:
By letter previously acknowledged, you have asked for our opinion on five questions which we paraphrase as follows:
 1. When the term of employment for a community college president expires, may the Board of Trustees establish a new term of employment and a new level of compensation, regardless of who fills the position?
 2. Does the limitation on "compensation and salary increases" found in RCW 28B.50.140(3) only apply during the term of an appointment?
 3. During the term of the contract, may the Board of Trustees expand the president's duties and establish a new basis of compensation, or may the duties be changed only at the end of the term of the contract?
 4. May the Board of Trustees, through a mutual agreement with the president, cancel an existing contract and establish a new contract with a different term, new duties and a different amount of compensation?
 5. What forms of deferred compensation may the Board of Trustees provide to a president?
 BRIEF ANSWERS
When a community college president's contract expires or a new president is hired, the Board of Trustees must enter a new contract establishing a new term of employment and fixing the president's duties. If the current president is retained, a new term must be established and the president's duties must be fixed, but any increase in salary would be limited to the amount or percentage increase appropriated by the Legislature.
Although the Board of Trustees may be limited by contractual language, it is not statutorily prohibited from changing the president's duties during the term of a contract. Even if the duties are increased, the maximum amount of compensation is still subject to the limitation of RCW 28B.50.140(3).
Community college presidents are entitled to the deferred compensation benefits provided to other state employees. Any compensation increases are limited to the amount or percentage appropriated by the Legislature. In addition, the Board of Trustees may also provide "premiums paid for insurance supplemental to the plans authorized by the state employees benefits board, deferred salary, relocation assistance, and premiums paid for tax deferred annuities." WAC 131-16-500(3).
 BACKGROUND
The State Board for Community and Technical Colleges is a state agency created by RCW 28B.50.050. Greenwood v. State Bd. forCommunity College Educ., 82 Wn.2d 667, 670, 513 P.2d 57 (1973). The State Board has "general supervision and control over the state system of community and technical colleges." RCW 28B.50.090. In addition to the State Board, the Legislature has provided for the establishment of a Board of Trustees for each regional college district. RCW 28B.50.100. The scope of the Board of Trustees' authority is set forth in RCW 28B.50.140. The State Board and the Boards of Trustees have specific roles to play with regard to budgeting. The Boards of Trustees submit budgets to the State Board. The State Board considers the local budgets and prepares a single budget for submission to the Governor. RCW 28B.50.090(1); RCW 43.88.090. The State Board then receives the appropriation from the Legislature and is responsible for disbursement of the funds to support the community colleges, in conformance with chapter 43.88 RCW. RCW 28B.50.090(2); Greenwood, 82 Wn.2d at 670.
 ANALYSIS
Question 1: When the term of employment for a community college president expires, may the Board of Trustees establish a new term of employment and a new level of compensation, regardless of who fills the position?
Question 2: Does the limitation on "compensation and salary increases" found in RCW 28B.50.140(3) only apply during the term of an appointment?
Since your first two questions are closely related, we will address them together.
The Board of Trustees possesses only that authority which the Legislature has chosen to delegate to the Board. Green RiverCommunity College, Dist. No. 10 v. Higher Educ. Personnel Bd.,95 Wn.2d 108, 112, 622 P.2d 826 (1980). One of the powers delegated to Boards of Trustees is the general authority to hire a president for the college and establish the president's duties and compensation. The scope of that power is stated in RCW28B.50.140(3), which provides that the Board of Trustees:
 Shall employ for a period to be fixed by the board a college president for each community and technical college and, may appoint a president for the district, and fix their duties and compensation, which may include elements other than salary. Compensation under this subsection shall not affect but may supplement retirement, health care, and other benefits that are otherwise applicable to the presidents as state employees. . . . Compensation and salary increases under this subsection shall not exceed the amount or percentage established for those purposes in the state appropriations act by the legislature as allocated to the board of trustees by the state board for community and technical colleges. The state board for community and technical colleges shall adopt rules defining the permissible elements of compensation under this subsection . . .
Thus, when a new president is hired, the Board of Trustees must fix the president's duties, the term of employment and the level of compensation. RCW 28B.50.140(3). The elements of the president's compensation must comply with the rules the State Board for Community and Technical Colleges has adopted, as codified in WAC 131-16-500.
If the Board of Trustees chooses to retain an existing president, a new term of employment must be established and the president's duties fixed. RCW 28B.50.140(3). However, the Board of Trustees' authority to change the level of compensation is restricted. RCW28B.50.140(3) explicitly states that "[c]ompensation and salaryincreases under this subsection shall not exceed the amount or percentage established for those purposes in the state appropriations act by the legislature as allocated to the board of trustees by the state board for community and technical colleges." (Emphasis added). The Legislature specifically has limited the delegation of authority to the Board of Trustees and chosen to retain the authority to make decisions regarding salary increases for community college presidents. Since the plain language of the statute is clear and unambiguous, it is not open to construction.Senate Republican Campaign Comm. v. Public Disclosure Comm'n,133 Wn.2d 229, 242, 943 P.2d 1358 (1997). Under the plain language of RCW 28B.50.140(3), the restriction on increases in salary is not limited to the term of a contract.
If the courts find that RCW 28B.50.140(3) is ambiguous, they will attempt to determine the intent of the Legislature. Duke v. Boyd,133 Wn.2d 80, 86, 942 P.2d 351 (1997). The Legislature has directed that all of Title 28B be considered in construing any of its parts. RCW 28B.900.040. In Title 28B, the Legislature has retained salary-setting authority for other categories of employees. For example, RCW 28B.52.035 contains a similar restriction on the authority of the Boards of Trustees to grant raises to academic employees. The statute states, in relevant part:
 Provisions of written contracts relating to salary increases shall not exceed the amount or percentage established by the legislature in the appropriations act and allocated to the board of trustees by the state board for community and technical colleges.
RCW 28B.52.035.
The Legislature's reservation of authority would be virtually meaningless if the prohibition only applied during the term of a particular contract. The Board of Trustees could circumvent the Legislature by setting short contract terms. Similarly, if the limitation only applied during the term of the contract, the Board of Trustees and the president could mutually rescind the contract and negotiate a new contract containing a salary or compensation package in excess of the amount appropriated by the Legislature for salary increases. The courts will not read a statute in a manner which produces strained or absurd consequences. Wright v.Engum, 124 Wn.2d 343, 351-52, 878 P.2d 1198 (1994).
The limitation on salary increases and compensation is also consistent with the Board of Trustee's duty to receive and disburse funds in conformance with RCW 43.88.290, which states:
 No state officer or employee shall intentionally or negligently: Over-expend or over-encumber any appropriation made by law; fail to properly account for any expenditures by fund, program, or fiscal period; or expend funds contrary to the terms, limits, or conditions of any appropriation made by law.
Penalties may be assessed against state officers and employees who violate RCW 43.88.290. RCW 43.88.300. These penalties may include a civil penalty, damages sustained by the state, and the immediate forfeiture of the individual's office or employment. See RCW43.88.300.
Since the Board of Trustees does not possess authority to increase the salary or compensation of the existing president in excess of the amount or percentage increase contained in the legislative appropriation, a new contract with an existing president which provided for an increase in salary in excess of the amount appropriated for that purpose by the Legislature would be an unlawful expenditure of funds contrary to the terms, limits or conditions of an appropriation. RCW 28B.50.140(3); RCW 43.88.290.
Question 3: During the term of the contract, may the Board of Trustees expand the president's duties and establish a new basis of compensation, or may the duties be changed only at the end of the term of the contract?
Question 4: May the Board of Trustees, through a mutual agreement with the president, cancel an existing contract and establish a new contract with a different term, new duties and a different amount of compensation?
Since questions 3 and 4 raise similar issues, we will address them together. Boards of Trustees have authority to determine presidents' duties. RCW 28B.50.140(3). The ability of the Board of Trustees to alter the president's duties during the term of the contract depends on whether such alterations are permitted by the individual contract.
If the contract permits modification, a significant expansion of duties will enable the Board of Trustees to increase a president's salary or compensation. Any change in duties warranting a change in compensation would have to be substantial and demonstrable. Additional, gratuitous compensation cannot be granted for the performance of the same duties the president agreed to perform when he or she entered the contract. Rosellini v. Banchero,83 Wn.2d 268, 273, 517 P.2d 955 (1974). Given the broad scope of the president's duties, we note that it is extremely difficult to imagine an increase in duties. Even if the duties were increased, the maximum amount of compensation still would be subject to the limitation of RCW 28B.50.140(3).
Since RCW 28B.50.140(3) does not limit the restriction on salary increases to the term of the contract, our answer would be the same regardless of whether the duties were changed at the end of the term of the contract, or as a result of a mutual decision by the president and the local Board to rescind and renegotiate an existing contract. The Board simply cannot negotiate a level of compensation which exceeds the amount or percentage appropriated by the Legislature. However, the Board of Trustees may choose to pay the president less than the amount or percentage appropriated by the Legislature, based on the scope of his or her duties or performance.
Question 5: What forms of deferred compensation may the Board of Trustees provide to a president?
We begin by noting that this question is extremely broad and could be construed in a number of ways. We will assume you are asking generally about compensation deferred for retirement. Community college presidents may receive the deferred compensation benefits provided to other state employees. RCW 28B.50.140(3). As a general matter, the Boards of Trustees may assist the college faculty and employees "in the purchase of old age annuities or retirement income plans under such rules and regulations as any such board may prescribe." RCW 28B.10.400(1).
The Legislature has placed some restrictions on deferred compensation. The State Board for Community and Technical Colleges may not pay "more than one-half of the annual premium of any annuity or retirement income plan established under the provisions of RCW 28B.10.400". RCW 28B.10.410. The State Board's contribution cannot exceed ten percent of the president's salary. Id.
In addition to the benefits provided to state employees, community college presidents may be provided "premiums paid for insurance supplemental to the plans authorized by the state employees benefits board, deferred salary, relocation assistance, and premiums paid for tax deferred annuities." WAC 131-16-500(3); RCW28B.50.140(3). Deferred compensation provided under WAC131-16-500(3), rather than under the provisions of RCW 28B.10.400, would not be required to comply with the limitations set forth in RCW 28B.10.410. However, the purchase of annuities would still be required to comply with RCW 28B.10.480. As with all expenditures, the amount provided for deferred compensation cannot exceed the amount appropriated by the Legislature. RCW 43.88.290.
We trust this opinion will be of assistance to you.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
ANNE E. EGELER Assistant Attorney General