# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ROXANNE JONES,<br><br>　　　　　Appellant,<br><br>　　　v.<br><br>ROBERT BERECZ, M.D., and BRUCE KUHLMANN, D.O,<br><br>　　　　　Respondents. | DIVISION ONE<br><br>No. 78693-8-I<br><br>UNPUBLISHED OPINION<br><br>FILED: August 5, 2019 |

DWYER, J. — Roxanne Jones appeals from the dismissal of her medical malpractice claims against Dr. Robert Berecz and Dr. Bruce Kuhlmann. She contends that the trial court erred when it concluded that her claims are barred by the statute of limitation and dismissed her claims with prejudice. We disagree, and now affirm.

I

In 1985, Jones received medical care from Dr. Berecz and Dr. Kuhlmann, including a cholecystectomy.[1] Subsequently, she came to suspect that the doctors' treatment was improper and obtained a copy of her medical file. After reviewing the file, she believed that the doctors had scammed her and performed unnecessary surgery, prompting her to submit a complaint with the Washington Medical Quality Assurance Commission (Medical Board) in 1994. As a result,

---

[1] A cholecystectomy is a surgical procedure to remove a gallbladder.

the Medical Board conducted an investigation of Dr. Kuhlmann, which concluded two years later without discipline.[2]

Then, on January 2, 2018, Jones filed a complaint in King County Superior Court, asserting claims against Dr. Berecz and Dr. Kuhlmann premised on the medical treatment she received from them in 1985.[3] Therein, Jones alleged that, in 1994, she saw the doctors' "dishonest scam" and "tried to turn them both in to the WA Medical Disciplinary Board." In her complaint, Jones sought monetary damages, demanded that the doctors be forced to undergo gallbladder surgery performed on them "by a knife," and demanded that the doctors "receive prison time for their crimes, never ever to practice medicine again upon the innocent public."

Dr. Berecz filed a motion to dismiss under CR 12(b)(6) for failure to state a claim for which relief can be granted and Dr. Kuhlmann filed a motion to dismiss on summary judgment. After oral argument, the trial court granted both motions "because the statute of limitations has run" and dismissed all of Jones's claims with prejudice.

Jones appeals.

II

Jones appears to contend that the statute of limitation has not yet run on her claims against Dr. Berecz and Dr. Kuhlmann because the statute of limitation

---

[2] The Medical Board took no action against Dr. Berecz.

[3] In her complaint, Jones asserts that she attempted to file this lawsuit in the Thurston County Superior Court in 2011, but was "blocked" from doing so. The record, however, indicates that the suit she attempted to file in Thurston County was directed against the Department of Health, not Dr. Berecz and Dr. Kuhlmann individually.

was permanently tolled when Dr. Berecz and Dr. Kuhlmann engaged in deliberate fraud and concealment.[4] We disagree.

We review de novo dismissals for failure to state a claim for which relief can be granted pursuant to CR 12(b)(6). Wash. Trucking Ass'ns v. State Emp't Sec. Dep't, 188 Wn.2d 198, 207, 393 P.3d 761 (2017). "Under CR 12(b)(6), dismissal is appropriate only when it appears beyond doubt that the claimant can prove no set of facts, consistent with the complaint, which would justify recovery." San Juan County v. No New Gas Tax, 160 Wn.2d 141, 164, 157 P.3d 831 (2007). On review, we presume "the truth of the allegations [of the complaint] and may consider hypothetical facts not included in the record." Wash. Trucking Ass'ns, 188 Wn.2d at 207.

Similarly, we review summary judgment rulings de novo. Lyons v. U.S. Bank Nat'l Ass'n, 181 Wn.2d 775, 783, 336 P.3d 1142 (2014). On review, we engage in the same inquiry as the trial court, viewing the evidence in the light most favorable to the nonmoving party. Lyons, 181 Wn.2d at 783. "Summary judgment is appropriate only if the record demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Lyons, 181 Wn.2d at 783.

RCW 4.16.350 provides:

> Any civil action for damages for injury occurring as a result of health care which is provided after June 25, 1976 . . .
> . . .

---

[4] In her briefing on appeal, Jones also appears to assert that the Medical Board engaged in improper conduct on numerous occasions and that criminal charges must be brought against the two doctors. None of these allegations have any bearing on whether the statute of limitation has run on Jones's claims against Dr. Berecz and Dr. Kuhlmann.

(3) . . . shall be commenced within three years of the act or omission alleged to have caused the injury or condition, or one year of the time the patient or his or her representative discovered or reasonably should have discovered that the injury or condition was caused by said act or omission, whichever period expires later.

In cases of fraud or concealment the limitation period is also tolled until the patient "has actual knowledge of the act of fraud or concealment" at which point the patient "has one year from the date of the actual knowledge in which to commence a civil action for damages." RCW 4.16.350(3). The "discovery" rule set forth in RCW 4.16.350 tolls the running of the statutory limitation period until the plaintiff has knowledge of the factual basis for an action, regardless of whether the plaintiff has knowledge of the legal basis for an action. Adcox v. Children's Orthopedic Hosp. & Med. Ctr., 123 Wn.2d 15, 35, 864 P.2d 921 (1993).

Jones's complaint asserts that Dr. Berecz and Dr. Kuhlmann fraudulently provided improper medical treatment to her in 1985. It is thus apparent that, unless the statutory limitation period was tolled, her claims have long since passed their expiration date under RCW 4.16.350. Jones, however, appears to assert that the statutory limitation period has been permanently tolled because the doctors engaged in fraud.[5] But even if true, Jones also admitted, in both her

---

[5] In her reply brief, Jones quotes extensively from Duke v. Boyd, 133 Wn.2d 80, 942 P.2d 351 (1997), presumably, although she never states this, for the proposition that fraud or concealment on the part of the doctors permanently tolled the statutory limitation period on her claims. Regardless of whether Jones could actually prove fraud, Duke is no longer applicable. In Duke, the court interpreted a long outdated version of RCW 4.16.350, wherein there was no one year discovery period for the commencement of actions when the plaintiff proves fraud or intentional concealment. 133 Wn.2d at 85; former RCW 4.16.350, LAWS OF 1988, ch. 144, § 2. Less than a year after Duke, however, the legislature amended the statute to provide for a limited (one year) time period from the date of the discovery of fraud or concealment to commence a civil action. LAWS OF 1998, ch. 147, § 1.

complaint and during oral argument before the trial court, that she was aware of the alleged fraud and her alleged injuries back in 1994, when she filed a complaint about Dr. Berecz and Dr. Kuhlmann with the Medical Board. Furthermore, Jones provided to the trial court, in a filing entitled "Declaration of Atrocities Committed by Robert Berecz MD and Bruce Kohlmann DO upon Roxanne Jones, Pro Se," the complaint letter that she sent to the Medical Board in 1994, in which she complains about her 1985 gallbladder surgery. It is clear that Jones knew about Doctors Berecz and Kuhlmann's allegedly fraudulent surgery in 1994, given that she filed a complaint about it with the Medical Board. Therefore, it follows that the limitation period on her claims expired, at the latest, in 1995.[6] See RCW 4.16.350(3). The trial court did not err by dismissing Jones's claims.

III

Dr. Berecz and Dr. Kuhlmann seek an award of attorney fees and costs on appeal. The doctors assert that they are entitled to fees and costs for this appeal pursuant to RAP 18.9, as a sanction on Jones for filing a frivolous appeal. We agree.

"RAP 18.9(a) permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a

---

[6] Jones also appears to assert that she became disabled in 1996 as the result of a car accident, and that this also tolled the statutory limitation period. But the limitation period had already run in 1995, prior to Jones's accident. Therefore, even if she was disabled and such disability tolled any limitation periods for claims she might wish to pursue following the end of her disability, such status would have had no impact on the already expired limitation period for her claims against the doctors.

frivolous appellate action."[7] Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hearings Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010) (citing Reid v. Dalton, 124 Wn. App. 113, 128, 100 P.3d 349 (2004)). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal." Advocates for Responsible Dev., 170 Wn.2d at 580 (citing Tiffany Family Trust Corp. v. City of Kent, 155 Wn.2d 225, 241, 119 P.3d 325 (2005)).

Jones's appeal is plainly frivolous. She raises no debatable issues on appeal, the statutory limitation period on her claims having plainly expired well over 20 years ago. She cites to no applicable Washington authority in her briefing to support her apparent contention that the limitation period has not yet run. Her appeal is so totally devoid of merit so as to warrant the imposition of sanctions under RAP 18.9.[8] Upon proper application, a commissioner of this

---

[7] RAP 18.9(a) states in full:
The appellate court on its own initiative or on motion of a party may order a party or counsel, or a court reporter or authorized transcriptionist preparing a verbatim report of proceedings, who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court. The appellate court may condition a party's right to participate further in the review on compliance with terms of an order or ruling including payment of an award which is ordered paid by the party. If an award is not paid within the time specified by the court, the appellate court will transmit the award to the superior court of the county where the case arose and direct the entry of a judgment in accordance with the award.

[8] Jones appears to assert that we may not award fees against her because we waived her fee to file this appeal. She cites to no authority to support such a proposition. RAP 18.9 clearly authorizes the awarding of fees and costs as a sanction for the filing of a frivolous appeal, and it does not condition such an award on whether an appellant was required to pay a filing fee. A claim of indigence is not a defense to appellate misconduct.

court will enter individual orders awarding Dr. Berecz and Dr. Kuhlmann their reasonable attorney fees and costs on appeal, consistent with this opinion.[9]

Affirmed.

WE CONCUR:

---

[9] The award of fees to Dr. Kuhlmann should be commensurate with the one page brief filed by Dr. Kuhlmann's counsel, which simply joined in the briefing submitted by Dr. Berecz's counsel.